## McCREA v. BENTLEY.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. CORPORATIONS ⊕⇒402—INDIVIDUAL LIABILITY OF AGENT—GUARANTY.

A letter written to plaintiff by a company to whom plaintiff had sold and delivered goods signed, "Yours truly, Herbert Pearce Co., by L. H. Bentley, Sec. & Treas.," written in behalf and for the benefit of the company, referred to by the pronoun "we," and in which the word "writer" and the pronoun "I" designated the secretary and treasurer as the actual writer of the letter, concluding with the statement that, if plaintiff would investigate the writer's references to banks, it would be satisfied with the account, and that the writer would personally guarantee the payment thereof, was a personal guaranty of the secretary and treasurer.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1739; Dec. Dig. ⊕⇒402.]

2. FRAUDS, STATUTE OF ⊕⇒115—PROMISE TO ANSWER FOR DEBT OF ANOTHER— SUFFICIENCY OF WRITING—"SIGNATURE."

While the statute requires that the memorandum be signed by the person to be charged, it does not require that the signature be in any definite form, the test being whether the party or his duly authorized agent has signed the memorandum in such manner as to authenticate the promise; and hence a letter signed, "Yours truly, Herbert Pearce Co., by L. H. Bentley, Sec. & Treas.," containing the secretary's personal guaranty of the company's indebtedness to plaintiff, was a sufficient signature, under the statute.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 242– 250; Dec. Dig. ⊕⇒115.

For other definitions, see Words and Phrases, First and Second Series, Sign.]

Appeal from City Court of New York, Trial Term.

Action by William E. McCrea, doing business as the Fabric Fur Cloak Company, against Lester H. Bentley. Judgments for defendant dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Murphy & Fultz, of New York City (David L. Fultz, of New York City, of counsel), for appellant.

Hills & Hills, of New York City (Robt. J. Mahon, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff sues upon a written agreement guaranteeing the account of the Herbert Pearce Company. There seems to be no dispute as to the sale and delivery of the goods, and the only serious question is whether the written guaranty is signed by the defendant.

[1] The guaranty is contained in a long letter written to the Fabric Fur Cloak Company, and signed, "Yours truly, Herbert Pearce Co., by L. H. Bentley, Sec. & Treas." The letter is written in behalf of and for the benefit of the Herbert Pearce Company, and, when the writer referred to that company, he always used the pronoun "we." There are, however, portions of the letter where the word "writer"

and the pronouns "he" and "I" are used to designate very clearly this defendant as the actual writer of the letter, and it contains personal apologies from the writer and references to banks as to the writer's personal responsibility. The letter concludes with the following words:

"Now I know if you will investigate the matter I am sure that you will be perfectly satisfied with our account and the writer will personally guaranty the payment thereof and see that we pay our bills as we agree to. Trusting that you may see your way clear to deal with us and we with you and the writer apologizes for the method which was used in collecting your former account which I wish to assure you will not happen again and which was brought about by circumstances that I knew nothing about being previous to the time we entered the company.

"Yours truly,               Herbert Pearce Co.,
                            "By L. H. Bentley, Sec. & Treas."

It is clear that in this paragraph, and throughout the letter, the defendant indicated that he was writing the letter in a dual capacity, and that he intended to bind himself personally to the guaranty, as well as to bind the corporation in regard to other matters.

[2] He has signed the letter as agent for the corporation, but it is obvious also that, in so signing, he intended to indicate that he was the writer of the letter and to identify himself in regard to those portions of the letter where he referred to himself personally and to authenticate thereby, not only the corporate promises, but also the personal promises. While the statute requires that the memorandum be signed by the person to be charged, it does not require that the signature be in any definite form, and initials, marks, fictitious names, and even a rubber stamp have all been considered as a sufficient compliance with the statute. The test in every instance seems to be whether the party or his duly authorized agent has signed the memorandum in such manner as to authenticate the promise. In this case, no one could possibly read the letter without coming to the conclusion that when the defendant signed the letter, "Herbert Pearce Co., by L. H. Bentley, Sec. & Treas.," he intended to indicate that L. H. Bentley was the person who described himself as the writer and who made a personal promise. The mere fact that the personal signature of L. H. Bentley is also part of the corporate signature seems to me quite immaterial. In the final analysis the defendant has signed this letter in a manner clearly indicating that he intended thereby to bind himself personally in regard to the personal promise, and that is all that the statute requires.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.