[No. 15501.   Department One.   December 3, 1919.]

THOMAS F. KENNERY, *as Times Square Garage,*
*Appellant,* v. NORTHWESTERN JUNK
COMPANY, *Respondent.*[1]

SALES (176) — CONDITIONAL SALES — RECORDING — SIGNATURE OF
VENDOR. Under Rem. Code, § 3670, requiring all conditional sales
contracts to be signed by the vendor and vendee, a contract is not
sufficiently signed by the vendor by appending at the foot in type-
writing as follows: "Times Square Garage, By.........................Vendor"
(HOLCOMB, C. J., dissenting).

Appeal from a judgment of the superior court for
King county, Ronald, J., entered February 14, 1919,
upon sustaining a demurrer to the complaint, dis-
missing an action for conversion, tried to the court.
Affirmed.

*Cassius E. Gates* and *Gates & Helsell,* for appellant.
*Jones & Riddell,* for respondent.

PARKER, J.—The plaintiff, Kennery, doing business
as the Times Square Garage, seeks recovery of an
automobile from the defendant, Northwestern Junk
Company, resting his right of recovery upon an al-
leged forfeiture of the rights of Isaac C. Wood therein
under a claimed conditional sale contract entered into
between them, and the filing of such contract in the
office of the auditor of King county.   The case was
disposed of by the superior court upon the allegations
of the plaintiff's complaint.   The defendant having
demurred to the complaint, the court having sustained
the demurrer, and the plaintiff having elected to stand
upon his complaint and not plead further, judgment
of dismissal was rendered against him, from which he
has appealed to this court.

[1]Reported in 185 Pac. 636.

The controlling facts may be briefly summarized from the allegations of the complaint, as follows: On June 18, 1918, appellant, being then the owner of the automobile, delivered it to Wood with a view of making a sale thereof to him. There was, at the same time, an instrument drawn up purporting upon its face to be a conditional sale contract, by the terms of which the title to the automobile was to remain in appellant until the full payment of the purchase price by Wood. This instrument was, within ten days after taking possession of the automobile by Wood, filed in the office of the auditor of King county as a conditional sale contract. Wood signed the instrument as vendee. The words claimed to be the proper signature of appellant were appended at the foot of the instrument in typewriting, as follows: "Times Square Garage, By......, Vendor." Thereafter the automobile passed into the hands of respondent as an innocent purchaser for value, unless it be held that this instrument is a properly executed conditional sale contract, the filing of which in the auditor's office gave the respondent constructive notice of such contractual relation between appellant and Wood.

Counsel for appellant proceed in their argument upon the assumption that the only question in the case is whether or not the typewritten words appended at the foot of the instrument, to wit: "Times Square Garage, By ..........., Vendor," is a sufficient compliance as to signature by appellant as vendor with § 3670, of Remington's Code, which, in so far as necessary to here notice its language, reads as follows:

". . . all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all *bona fide* purchasers, . . . unless within ten days after the taking

of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides . . ."

It is argued in appellant's behalf that the typewriting of the words "Times Square Garage" at the foot of the instrument answers the requirement of the statute as to signing by the vendor. The argument proceeds upon the theory that the typewriting by the vendor of his name, or the printing of his name by the use of a stamp, at the foot of such an instrument is an effectual signing thereof by him the same as if he wrote his name there with pen and ink. There are decisions of the courts holding that a binding signature to a written contract may be so made by a party thereto, where the name of the party so appended to the writing is placed there with intent on his part to make it his signature to the contract. The fallacy of counsel's contention here made is found in the facts that the words "Times Square Garage, By . . . . . . . . . . , Vendor," negatives the idea that they were placed at the foot of the instrument as the signature of the Times Square Garage. Indeed, taken in connection with the instrument as a whole, these words, and the form in which we find them, indicate plainly that they were placed there merely as a part of the drafting of the instrument, and were not intended to constitute a signature until the blank space should be filled in by the one authorized to act for the Times Square Garage in the making of the contract.

In *Jennings v. Schwartz*, 82 Wash. 209, 144 Pac. 39, Judge Fullerton, having under consideration the sufficiency of the signature of the vendor to a conditional sale contract as required by this statute, where there

was no signature of the vendor appended at the end of the contract, his name appearing only in the body of the contract, speaking for the court, said:

"It has the elements of a recording act. It will be remembered that, prior to its enactment, unrecorded conditional bills of sale of personal property were valid in this state, not only as between the vendor and vendee, but as to encumbrancers and purchasers without notice, and subsequent *bona fide* creditors of the vendee. It was thus possible for the· vendee of such property to commit frauds by disposing of the property to innocent third persons and by using it as a basis upon which to obtain credit. While the statute therefore tends in the same degree to prevent frauds between vendors and vendees through the instrumen-, tality of perjury as does the statute of frauds, its principal if not primary purpose is to prevent the vendor and vendee of such property from committing frauds upon third persons. It would seem then, since it affects persons other than the parties to the agreement, the courts are justified in giving it a more strict construction than it gives to the statute of frauds; that it is proper to require that the instrument when filed shall show on its face a compliance with the statute; that the instrument shall be complete in itself; thus doing away with the necessity of inquiring into extrinsic matters to determine its validity.

"Tested by the more strict rule, we are clear that this memorandum was not signed by the vendor within the meaning of the statute. The instrument would appear no different on its face had it been prepared wholly by the vendee without the knowledge or consent of the vendor. Whether it was signed by the vendor or not was thus subject to dispute, even as between the parties, and the question could only be determined by an examination into their acts and conduct. The rights of third persons should not be left to depend upon such circumstances; as to them, the instrument should be fair upon its face. As this instrument. is not thus fair, we hold the sale absolute as to subsequent creditors in good faith."

Our attention is called to the fact that, upon rehearing, that case was differently disposed of by this court *En Banc,* in an opinion found in 86 Wash. 202, 149 Pac. 947, wherein the view is expressed that it was unnecessary to pass upon the validity of the conditional sale contract, as was done by the department in Judge Fullerton's opinion. The opinion of the court *En Banc,* however, does not in the least take issue with the law as expressed in the department opinion upon the construction of the statute touching the signing of the conditional sale contracts. Notwithstanding the department decision did not decide the question which ultimately controlled the final disposition of the case, we are quite convinced that it expresses a correct view of the law therein discussed.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

MAIN, MACKINTOSH, and MITCHELL, JJ., concur.

HOLCOMB, C. J. (dissenting)—Appellant alleged in his amended complaint that, at the time of entering into the conditional sale contract involved herein, he was carrying on business in Seattle, King county, Washington, under the firm name and style of Times Square Garage, and had filed his certificate thereof with the county clerk as required by law. When the name Times Square Garage was appended at the end of the conditional sale contract, the same name was used as was entitled to be used as the business name of appellant, under our law. Any additional marks or name or signature as to the vendor would have been entirely superfluous. The name Times Square Garage was typewritten, not occurring merely in the body of the instrument as vendor, although it did so appear in a number of places, but in the place left for the signatures of parties, the place for the vendee's signature

being left above and described as vendee, and that of the vendor being described. as vendor; and in every other respect it is conceded that the instrument was so executed as to entitle it to be recorded as a conditional sale contract, and it was so recorded by the vendor within ten days as required by law. This in itself is sufficient to indicate that the vendor adopted the signature at the bottom as it was, without anything additional, and that that was his business signature and all the signature required.

As is pointed out in the majority opinion, the case of *Jennings v. Schwartz*, 82 Wash. 209, 144 Pac. 39, was finally decided by the court *En Banc* (86 Wash. 202, 149 Pac. 947), upon a ground not involving the validity of the vendor's signature, and that case is not controlling. Nor is the reasoning in that case controlling in this, for in that case there was not even a pretended signature by the vendor at the conclusion of the instrument, but his name was only found in the body of the instrument.

The decided weight of the authority is to the effect that the signature may be printed or written, and that, while the statute requires that a memorandum be signed by the person to be charged, it does not require that the signature be in any definite form, and initials, marks, fictitious names, and even rubber stamps, have all been considered a sufficient compliance with the statute. The test in every instance seems to be whether the party or his duly authorized agent has signed the memorandum in such manner as to authenticate the promise. *McCrea v. Bentley,* 154 N. Y. Supp. 174; *Kilday v. Schancupp,* 91 Conn. 29, 98 Atl. 335; *Dinuba Farmers' Union Packing Co. v. J. M. Anderson Grocer Co.,* 193 Mo. 236, 182 S. W. 1036; Benjamin, Sales (6th ed.), § 256.

The above authorities are all upon the question of sufficient compliance with the statute of frauds as to memorandum in writing to comply with such statutes. If such signatures are good in such cases, they ought, for the same reasons, to be good upon such a contract as this. Moreover, the vendor would not be permitted by this court, if attempt had been made on its part to avoid this contract of conditional sale, to have denied his signature. It would have been enforced against him. Neither he nor the vendee could dispute they signed this instrument. It was signed by both parties and filed under our conditional sale recording statute. If it was, therefore, good as to both parties and was entitled to be filed under our statute; it was good as to third parties when so executed and filed, and respondent, as an innocent third party, cannot complain of lack of notice under the recording act, or of having been misled.

For these reasons, I am compelled to dissent.

### ON REHEARING.

#### [En Banc. June 7, 1920.]

PER CURIAM.—Upon rehearing *En Banc* and a careful reconsideration of the whole subject-matter, a majority of the court adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment is affirmed.