[No. 17855. Department One. July 19, 1923.]

SINGER SEWING MACHINE COMPANY, INCORPORATED, *Respondent*, v. DICKSTEIN & KLATZKER, INCORPORATED, *Appellant*.[1]

SALES (176) — CONDITIONAL SALES — RECORDING — SIGNATURE OF VENDOR. A conditional sales contract is signed by the vendor, within Rem. Comp. Stat., § 3790, where the vendor's name is printed at the foot and immediately thereunder it is signed in writing by the general agent and manager of its local branch.

SAME (180)—WAIVER OF CONDITION—MAKING CLAIM AGAINST ESTATE. A notice, by a conditional sales vendor, to an assignee for the benefit of creditors of the vendee, that it did not waive its superior rights under its contract, giving date and filing number, was not the presentation of a claim for the balance due, and did not waive the vendor's right to reclaim the property.

SAME (180)—WAIVER—ACQUIESCENCE IN ASSIGNEE'S SALE. A conditional sales vendor does not waive its right to reclaim the property by failing to give notice of its claim at an assignee's sale for the benefit of creditors of the vendee, its record of the contract being a continuing notice to the purchasers at such sale.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 21, 1922, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Leopold M. Stern* and *Clarence L. Gere,* for appellant.

*Herr, Bayley & Croson* and *Ofell H. Johnson,* for respondent.

[1]Reported in 217 Pac. 44.

MITCHELL, J.—This is an action of claim and delivery to recover the possession of one buttonhole machine and three sewing machines, or judgment for their value, and for damages. Without a jury, the trial court entered a judgment for the plaintiff, from which the defendant has appealed.

It appears that the Singer Sewing Machine Company maintained a place of business in Seattle under the management and agency of E. Bukies. Through him it sold and delivered to the Maid-Well Manufacturing Company of Seattle the machines in question. As evidence of the transaction, the parties signed an instrument, treated by both parties to this suit as a conditional sale contract, which was in due and proper time placed of record in the office of the county auditor. The Maid-Well Manufacturing Company made an assignment for the benefit of its creditors, under which the assignees at a general sale sold and delivered the four machines to the appellant, Dickstein & Klatzker, a corporation. Because of the failure of the original vendee to make certain payments as provided for in the contract, the respondent, standing upon the terms of the contract, demanded possession of the machines. Surrender being denied, this suit was brought. The defenses to it were, (1) that the conditional sale contract was void because not signed by the vendor so as to authorize the filing of it in the auditor's office as provided for in § 3790, Rem. Comp. Stat.; (2) waiver by or election of the respondent because of a so-called presentation by it of the claim to the assignees in the insolvency proceedings; and (3) failure of the respondent to give notice of its superior right at the time of the assignees' sale.

The contract, including all of the signatures, is on a single page. It consists of a printed form, in com-

mon use by the Singer Sewing Machine Company, wherein the blank spaces as originally printed are filled in so as to describe the property and set out the other parts of the agreement of the parties. It is signed by the vendee, whose signature is witnessed by E. Bukies. Then follows in print a notice that "no statement, agreement or undertaking, verbal or written, not contained *herein,* will be recognized by us", then the printed name, Singer Sewing Machine Company, Incorporated, immediately signed thereunder in writing by E. Bukies, confessedly the general agent and manager of the local branch of the Singer Sewing Machine Company.

The situation is materially different from that in the case of *Jennings v. Schwartz,* 82 Wash. 209, 144 Pac. 39, relied on by the appellant, wherein there was no signature of the vendor at the end of the contract, his name appearing only in the body of the contract. Nor is the present case controlled by *Kennery v. Northwestern Junk Co.,* 108 Wash. 656, 185 Pac. 636, also relied on by the appellant, wherein the printed words and character "Times Square Garage, by........... Vendor" at the bottom of the instrument was held deficient as a signature for the reason that it appeared something more was necessary to complete the same as a signature, and that it was not intended as a signature until and unless it was so completed. That is, any one not authorized to have printed as a signature the same words and character on an instrument could have done so, and, of course, in that case it would not have been a vendor's signature. But here, where the general agent signed his name immediately under the printed name of Singer Sewing Machine Company, it made it the signature of the vendor in satisfaction of the requirement of the statute.

Upon the second branch of the case the record shows that, after the respondent was given written notice by the assignees, by a circular notice that was given to creditors generally, to present any claim it might have as creditor, the respondent did not present a written claim as a creditor. It simply notified the assignees in writing of its claim of a superior right to the machines under its contract, mentioning the file number and the date of filing in the auditor's office. It was not the presenting of a claim to the assignees in the sense contended for by the appellant, nor did it amount to an election to recover in the insolvency proceedings, nor did it amount to a waiver of, but, on the contrary, was a reassertion of respondent's rights under the contract.

Nor is there any estoppel in the case against the respondent upon the third branch. It seems to be contended that the respondent should not be permitted to deny to the appellant the right of being an innocent purchaser because the respondent made no objection to the sale by the assignees, or at all, at or before the sale, which was fully advertised. The answer is that the recording in due time in the auditor's office of the conditional sale contract was a constant outstanding notice and proclamation of the rights of the respondent against which the appellant cannot prevail as an innocent purchaser at the assignees' sale.

Judgment affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.