[No. 18199.  Department Two.  December 10, 1923.]

JACK RYCHEN, *Plaintiff*, v. TACOMA FARMERS CREAMERY,
INCORPORATED, *Defendant.*[1]

SALES (175)—CONDITIONAL SALES—FORM AND CONTENTS OF IN
STRUMENT.  A conditional sales contract which provides that it shall
not be binding upon the seller until approved and accepted in writing
is lacking in the statutory requisites of a conditional sales contract,
where it is not approved and accepted in writing as provided therein.

SALES (176)—CONDITIONAL SALES—RECORD—EXTRINSIC EVIDENCE
TO AID RECORD—ADMISSIBILITY.  Where a contract is, on its face,
lacking in the statutory requisites for a conditional sales contract,
its filing or record as such is not notice to subsequent creditors; and
it cannot be aided or its defects supplied by extraneous evidence.

PEMBERTON, J., dissents.

Appeal from an order of the superior court for
Pierce county, Clifford, J., entered April 3, 1923, allowing a preferred claim against a receiver, after a
hearing before the court.  Reversed.

*Raymond J. McMillan* and *Ernest K. Murray*, for
appellant.

*Hartman & Hartman*, for respondent.

BRIDGES, J.—In May, 1922, the respondent, the Ice
Machine Company, Incorporated, and the defendant,
Tacoma Farmers Creamery, Incorporated, made a preliminary written agreement whereby the machine company was to sell, and the creamery was to purchase, a
refrigerating plant for $3,577; one thousand dollars
was to be paid down in cash and the balance at the
rate of one hundred dollars per month thereafter, together with interest on the deferred payments.  The
instrument provided that the title to the refrigerating
plant should remain in the seller until the whole of
the purchase price should be paid, and, so far as the

[1]Reported in 220 Pac. 780.

body of the instrument is concerned, it complies with the provisions of our conditional sales statute. The last clause in this preliminary contract reads as follows:

"This order and contract is not binding upon the seller until approved and accepted in writing as per the form given below."

This instrument was signed as follows:

"The Ice Machinery Company Inc. by E. H. Savage; Tacoma Farmers Cmy. By A. Sahli, Purchaser."

Beneath these signatures is the following in print:

"Approved and accepted by the Ice Machinery Company Inc. at Seattle, Washington, the............................day of ...............................................................1921.

The Ice Machinery Company, Inc.
..............................................................................................."

This instrument was filed with the county auditor in the manner and within the time provided by the conditional sales statute, which reads as follows:

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Rem. Comp. Stat., § 3790. [P. C. § 9767].

The testimony showed that, at about the time of the filing of this instrument, the ice machinery company shipped to the creamery company a refrigerating plant like that described in the foregoing instrument. It also

shows that the creamery company paid down one thousand dollars, and that sometime thereafter it went into the hands of a receiver because of insolvency and that the receiver paid $227.75 on account of the monthly payments. Thereafter the ice company presented its preferred claim to the receiver for the balance of the purchase price, such being based upon the instrument which had been filed with the county auditor. The receiver disallowed the claim. The matter then came before the trial court on the question whether the claim should be allowed as a preferred or a common claim. After a hearing, the court overruled the receiver's objections to the claim and allowed it as a preferred claim, and an appeal is taken from that order.

The sole question before us is whether the instrument which was filed with the county auditor was sufficient to comply with our conditional sales statute.

As above noted, the instrument as filed provided that it ''is not binding upon the seller until approved and accepted in writing as per the form given below.'' It also shows that such acceptance was not made in the manner indicated, and it fails to show any other kind of acceptance. If we look exclusively to the instrument itself, it is not a contract of any character because the seller has not accepted and approved of the sale. The respondent undertook to overcome this objection by proving that the minutes of a directors' meeting of the ice machinery company provided that when a preliminary contract was signed by Mr. Savage for the company it became binding without any further approval. Inasmuch as the testimony showed that there were subsequent creditors of the creamery, we think this oral testimony was not admissible. If the instrument which is filed does not comply with the statute, its deficiency cannot be supplied by extraneous testimony. It is the contemplation of the statute that one inter-

ested may look at the instrument filed and determine therefrom whether there has been a sale, and, if so, whether it be a conditional one, and if that instrument upon its face fails to comply with the statute, the sale as to a subsequent creditor is an absolute one. We so held in *Jennings v. Schwartz*, 82 Wash. 209, 144 Pac. 39, where, speaking of a conditional sale contract, we said:

"It would seem then, since it affects persons other than the parties to the agreement, the courts are justified in giving it a more strict construction than it gives to the statute of frauds; and that it is proper to require that the instrument when filed shall show on its face a compliance with the statute; that the instrument shall be complete in itself; thus doing away with the necessity of inquiring into extrinsic matters to determine its validity."

To the same effect see *In re Osborn*, 196 Fed. 257.

One looking only at the instrument which was filed with the auditor would necessarily conclude that it was not a contract of any character, because it expressly provided that it would not be binding upon the seller until it had accepted the instrument according to a certain form, and the instrument shows upon its face that it was not so accepted.

But it is contended that the delivery of the refrigerating plant made it unnecessary that the seller should accept the contract. This would be true as between the seller and the buyer, but it would not be true as against subsequent creditors, who are only required to gain their information from the instrument which has been filed. In this instance, that instrument did not comply with the statute, and the sale must be considered as having been absolute as against the receiver.

The respondent's claim should have been allowed as an unpreferred one, and the judgment should have

provided for a repayment by the respondent to the receiver of the sums which he had paid on the purchase price.   The respondent may amend its claim so that it will include the amount ordered to be repaid to the receiver.   The judgment is reversed, and the cause remanded with instructions to recast the judgment in accordance with the views here expressed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.
PEMBERTON, J., dissents.