[No. 18428.   Department One.   March 19, 1924.]

## J. A. SEYMOUR, *as Receiver, Appellant,* v. C. W. LANDON, *Plaintiff and Respondent,* CARL JOHN EMIL LARSON *et al., Respondents.*[1]

APPEAL (108)—PRESERVATION OF GROUNDS. A receiver cannot assign error in the allowance of damages for the detention of a truck, where he offered no evidence on the subject.

SALES (176)—CONDITIONAL SALES—RECORDING — SIGNATURE OF VENDOR. A conditional sales contract of a motor truck is not sufficiently signed by the vendor, as against creditors of the vendee, where the printed form, giving the name of the vendor at the foot had a blank line "by............................vendor," obviously left for some person to sign, which was not filled up.

SAME (176)—LIEN HOLDERS—SUBSEQUENT CREDITORS. An unpaid employee who worked from June 1 to August 13, is a "subsequent" creditor having priority over a defectively executed conditional bill of sale of a truck delivered April 14.

MECHANICS' LIENS (46)—DESCRIPTION OF PROPERTY—SUFFICIENCY. Under Rem. Comp. Stat., § 1149-1153, a lien notice for labor performed in a sawmill describing the sawmill and all its "logging equipment" is sufficient to cover an automobile truck used in hauling lumber; and an order in receivership proceedings describing the property as "hauling equipment" is not materially variant.

Appeal from a judgment of the superior court for King county, Smith, J., entered September 5, 1923, adjudging the title to property held by a receiver, after a hearing before the court.   Reversed.

*Carroll Hendron,* for appellant.

*Cosgrove & Terhune,* for respondents.

HOLCOMB, J.—Landon brought suit against Larson and wife, and the other defendants who were brought into the action, upon a claim of lien on his own behalf,

[1]Reported in 224 Pac. 3.

and claims of lien upon the part of nineteen others which were assigned to him, in separately stated causes of action, for the recovery of judgment, the foreclosure of laborers' liens, and the appointment of a receiver to take possession of the liened property. The liens were claimed and filed under the provisions of §§ 1149 to 1153, inclusive, Rem. Comp. Stat. [P. C. §§ 9737, 9741]. Larson had been engaged in running a sawmill on the real estate described in the liens and in the complaint, under the firm name and style of Otter Lake Mill Company. The defendants, other than Larson and wife, were made parties under the allegations that they claimed some interest in the real estate above referred to, but that their interest, if any, was subordinate and inferior to the interests of plaintiff. The defendants Larson appeared by attorney, admitted the allegations of the complaint, and consented to the appointment of a receiver, who was thereupon appointed, and qualified. The lien notices filed by the claimants, besides describing the real estate of defendants Larson, also included the sawmill and equipment, donkey engine, logging equipment, four electric motors, logs and manufactured lumber, all located on the real property described, and used in the operation of the business. The order appointing the receiver described the property to be taken into possession by him, besides the real property which was described in the order, as including the sawmill on the property, its sawmill equipment, four electric motors, a donkey engine, hauling equipment, and certain logs and manufactured lumber. It will be observed that the notices of lien specified logging equipment, and not hauling equipment. Section 1149, *supra,* under which the lien claims were filed, provides that:

"Every person performing labor for any person, company or corporation, in the operation of any rail-

way . . . sawmill, lumber or timber company, shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of the business, to the extent of the moneys due him from such person, company or corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor, as hereinafter provided; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien.''

Section 1150 provides that,

''No person shall be entitled to the lien given by the preceding section unless he shall, within ninety days after he has ceased to perform labor for such person, company or corporation, file for record with the county auditor of the county in which said labor was performed, or in which is located the principal office of such person, company or corporation in this state, a notice of claim, containing a statement of his demand, after deducting all just credits and offsets, the name of the person, company or corporation, and the name of the person or persons employing claimant, if known, with the statement of the terms and conditions of his contract, if any, and the time he commenced the employment, and the date of his last service, and shall serve a copy thereof on said person, company or corporation within thirty days after the same is so filed for record.''

Section 1152 [P. C. § 9740], provides that any such lien may be enforced within the same time and in the same manner as a mechanics' lien; and § 1153 provides that, when any receiver or assignee is appointed for any person, company or corporation, the court shall require such receiver or assignee to pay all claims for which a lien could be filed under this chapter, before the payment of any other debts or claims other than operating expenses.

On April 14, 1923, four months before the appointment of the receiver, Larson had purchased from the International Harvester Company of America a three-ton International motor truck, No. 1513, and what purported to be a conditional sales contract was executed by Larson as vendee, and purported to be executed by the International Harvester Company of America as vendor. It was in the usual form of conditional sales contracts in this state, with some minor exceptions not necessary to notice. It had printed on the form the name "International Harvester Company of America by————, vendor." Below that was written the name "C. J. E. Larson, vendee." At the left of the names were these words: "Witnesses: E. L. MacVicar, E. R. Lauscher." This instrument was filed in the county auditor's office of King county on April 16, 1923, and filed and indexed as a conditional sales contract. The truck was delivered to Larson and was used for the purpose of hauling lumber manufactured at the sawmill.

On August 30, 1923, after the appointment of the receiver, and while the truck was in his possession, the International Harvester Company of America took possession of it without the knowledge and consent of the receiver. Thereupon the receiver applied for an order of court directed to E. L. MacVicar, agent of the International Harvester Company of America, who had the truck in his possession as such agent, to redeliver the truck to the receiver or appear and show cause why he should not be punished for contempt of court for interfering with the possession of the property of the receiver. The Harvester Company, by MacVicar in person and by his attorney, appeared in response to the show cause order and filed the affidavit of MacVicar. A hearing on the show cause order was had on the affidavit on behalf of the receiver and the

affidavit on behalf of the Harvester Company, and an order was entered adjudging that the International Harvester Company of America, a corporation, is the owner of and entitled to retain possession of the truck, and that the receiver has no right, title or interest therein, and that the show cause order be and was dismissed. The court also, without taking any evidence, but upon offer of the attorney for the Harvester Company to pay the receiver for his dispossession of the truck $25, ordered that sum to be paid into court for the loss of the use of the truck by the receiver.

The receiver appealing assigns two errors, the second of which is without merit, being in complaint of the allowance of $25 as damages for the detention of the truck, since the receiver offered no evidence of the value of the use of the truck. The first assignment is that the court erred in adjudging the title to the truck to be in the Harvester Company, for the reason that the purported conditional sales contract was not signed by the vendor.

Respondent contends that the instrument before us is in effect the same as the one involved in *Singer Sewing Machine Co. v. Dickstein & Klatzker,* 125 Wash. 613, 217 Pac. 44. While the author of this is not in accord with the decision of the court in *Kennery v. Northwestern Junk Co.,* 108 Wash. 656, 185 Pac. 87, the decision in that case is at present the law. The instrument in this case is not like that in the *Singer Sewing Machine Co.,* case, *supra.* There the contract contained below the printed name, the written signature of "E. Bukies," who was general agent and manager of the vendor. His name was not signed as a witness. In the instrument before us, it is apparent, as was said in the *Kennery* case, *supra,* as to signature, that it was obviously to be signed by some one on behalf of the vendor, for a blank was left for that pur-

pose. See, also, *Jennings v. Schwartz,* 82 Wash. 209, 144 Pac. 39; *In re Osborn,* 196 Fed. 257; *Herrick v. First National Bank of Colville,* 286 Fed. 305.

The above cases have all held, either specifically or in effect, that a memorandum of sale is insufficient to reserve title in the seller, as against third persons interested in the estate of the vendee, where it has not been signed by the vendor, extraneous evidence not being admissible to show that the vendor accepted the order and adopted the contract. We are therefore obliged to hold, in consonance with our former decisions, that the purported conditional sales instrument was not properly signed by the vendor so as to reserve title in the vendor as against subsequent creditors of the vendee.

Respondents contend, however, that the claimants are not shown to be subsequent creditors. The claim of Landon, which is the only one incorporated in the record brought before us, and which would be sufficient to avoid the instrument, shows that he was employed by Larson, June 1, 1923, commenced his employment on that day, and ceased to labor for Larson, August 13, 1923. The record shows that the truck was delivered to Larson April 14, 1923. Landon was therefore undoubtedly a subsequent creditor, so far as the record before us shows.

Respondent also contends that the lien notice was not sufficient to cover the contract in question, and that the order appointing the receiver was not sufficient to give the receiver the right of possession of the truck under the lien foreclosure proceedings, because the order appointing the receiver varied from the notices of lien.

The statute under which the liens are claimed is comprehensive enough to include all personal property of every kind and description used in and about the

operation of the business, and the materials and equipment of every kind used therein. Under that statute, the lien notices were sufficient. Since the truck was used by Larson in hauling lumber manufactured by his sawmill, and since the lien notices specified the sawmill and equipment and logging equipment, we think it was amply sufficient under the statute, and that the order appointing the receiver and giving him the right to take possession of the property described in the lien notices was not variant because it described the property as "hauling equipment" instead of "logging equipment."

We are therefore obliged to reverse the judgment of the trial court and order the return of the truck in question to the receiver. It is so ordered.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ., concur.