[No. 21004.   Department Two.   April 2, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Yates-American Machine Company, Plaintiff*, v. THE SUPERIOR COURT FOR CLARK COUNTY *et al., Respondents.*[1]

[1] SALES (175)—CONDITIONAL SALES—FORM AND CONTENTS OF IN-STRUMENT.  Under Rem. Comp. Stat., § 3790, making a conditional bill of sale absolute as to third parties, unless a memorandum thereof signed by the vendor and the vendee be filed in the auditor's office of the county in which the vendee resides, a memorandum of sale by a salesman for his principal, though recorded, is insufficient, when the contract is not signed for or on behalf of the principal.

Certiorari to review a judgment of the superior court for Clark county, Simpson, J., entered November 28, 1927, in an action to enjoin the removal of machinery held under conditional sale contract.  Judgment affirmed.

*George Arthur Brown* and *McDonnell Brown,* for relators.

*McMaster, Hall & Schaefer,* for respondents.

HOLCOMB, J.—A suit was instituted in the superior court for Clark county by a creditor of the Oregon-Washington Door Company, a corporation, a judgment obtained and a permanent receiver appointed for it.  Some of the property in the possession of the judgment debtor, which went into the possession of the receiver, was machinery bought under a conditional sales contract from relator.

Relator is engaged in the business of manufacturing and selling lumber mill machinery.  In the course of its

[1]Reported in 266 Pac. 134.

business, it sold the machines in question to the judgment debtor, attempting to reserve in itself title to the machines and the right to retake possession of them on the failure of the purchaser to make payments as specified. The conditional sales contract covering the machinery was filed with the auditor of Clark county within ten days after the machines were delivered.

After the receiver was appointed by the court below, the vendee and the receiver being in default in certain payments under the conditional sales contract, relator attempted to take possession of the machines and commenced to remove them to its warehouse in Portland. Before that could be accomplished, relator was served with a temporary injunction, restraining it from making any further removal of the machines, and an order to show cause why the injunction should not be made permanent. In response to this order, relator appeared and set up its claim to the machines under the provisions of the conditional sales contract. The receiver answered, among other things setting up that the conditional sales contract was void as to subsequent creditors; and upon a hearing relator's claim was denied. The case is here upon certiorari to review the judgment of the court below against relator.

[1] The sufficiency of the signature of the vendor to the conditional sales contract was the only question raised upon the trial below, and the only question now presented.

The instrument provided that the title to the mill machinery should remain in the seller until the whole of the purchase price should be paid, and, so far as the description of the property and other contents of the instrument itself are concerned, it complies with the provisions of our conditional sales statute, Rem. Comp. Stat., § 3790 [P. C. § 9767].

The instrument was signed as follows:

"Sold by
A. J. STEWART
Salesman for
YATES-AMERICAN MACHINE COMPANY
Subject to approval at its
office at Chicago, Illinois"

The signature of A. J. Stewart is written. The name "Yates-American Machine Company" is printed upon the form of contract itself. Opposite those signatures is the following, with the name of the door company typewritten, and the two signatures in writing:

"OREGON-WASHINGTON DOOR CO.
By A. W. STOREY (Pres)
In Presence of
E. G. MARTAN"

Beneath the printed signature "Yates-American Machine Company Subject to approval at its office, etc." is the printed clause:

"Received and accepted
at Chicago, Cook County,
Illinois
YATES-AMERICAN MACHINE COMPANY [printed]
By———————————————
In presence of
———————————————."

There is no other signature for or on behalf of Yates-American Machine Company except as above shown.

It is contended by appellant that the signature Yates-American Machine Company preceded by the printed words "Sold by" and the signature "A. J. Stewart" salesman for the company, constitutes a complete signature and leaves nothing more necessary by way of signature.

Reliance is placed on our decision in *Singer Sewing*

*Machine Co. v. Dickstein*, 125 Wash. 613, 217 Pac. 44, in which the signature there was distinguished from the signatures in *Jennings v. Schwartz*, 82 Wash. 209, 144 Pac. 39, and *Kennery v. Northwestern Junk Co.*, 108 Wash. 656, 185 Pac. 636. But in the *Singer Sewing Machine Co.* case, the name of the company printed on the form of contract was followed immediately thereunder by the signature of the admitted general agent and manager of the local branch of the company at Seattle. We said that that constituted a complete signature of the vendor. Here, there is no such complete signature. The person signing as salesman is not shown to be an officer or general agent of the vendor, and the contract itself specifically provides that it is subject to approval at the office of the vendor at Chicago, Illinois. The blank space was left below the signature at the bottom of the contract to be signed, when accepted, by some authorized person on behalf of the vendor at Chicago, Illinois. It never was so signed.

The purported signature relied upon in this case is as much like that in *Rychen v. Tacoma Farmers Creamery*, 127 Wash. 359, 220 Pac. 780, as if cut by the same pattern. In that case, also, there was a clause reading:

"This order and contract is not binding upon the seller until approved and accepted in writing as per the form given below."

The form below read as follows:

"Approved and accepted by the Ice Machinery Company Inc. at Seattle, Washington, the ...... day of .............., 1921.
                    The Ice Machinery Company, Inc.
        ........................."

The blank intended for signature, when approved and accepted, was not completed by a signature for the vendor.

Here, relator stipulated that the conditional sales contract was subject to approval at its office in Chicago. It provided a blank at the bottom of the contract for that purpose. That blank was never signed by any officer or agent of relator.

A similar form and signature to a conditional sales contract was before us in *Seymour v. Landon*, 128 Wash. 682, 224 Pac. 3, where we held the signature of the vendor insufficient.

Relator sets forth several rules for statutory construction which should be followed, and reasoning from the probable mischief intended to be remedied by the enactment of § 3790, *supra*, earnestly argues, and cites a number of authorities to show, that a proper construction of the statute requires that the signature in this case be held complete and sufficient. The argument made is appealing, but not effectual.

While this writer did not concur in the decision in *Kennery v. Northwestern Junk Co., supra*, and was instrumental in bringing about a reconsideration of the case *En Banc*, the court *En Banc*, after full consideration, deliberately refused to find the signature of the vendor sufficient under the statute. Consequently, that case settled the law as to such signatures on conditional sales contracts in this state. Thereafter it was the duty of the court not to vacillate, but to adhere to the law as pronounced by it, *stare decisis;* for such adherence, in the main, is necessary to preserve the certainty, stability and symmetry of our jurisprudence. Subsequently the *Rychen* and *Seymour* cases, *supra,* arose and were decided upon the previous precedents.

When this court has decided a legal question, it is binding upon it until authoritatively overruled (*Godefroy v. Reilly*, 146 Wash. 257, 262 Pac. 639); particularly so, respecting a right of property, or contract

*inter partes.* Otherwise, no one would ever know how to act when confronting the same proposition.

The judgment of the trial court was correct. Affirmed.

ASKREN, MAIN, and FULLERTON, JJ., concur.

TOLMAN, J. (concurring)—There is, and should be, a wide distinction between a signature to a contract under the statute of frauds, which goes to the validity of the contract itself, and a signature to a conditional sales contract, such as is here involved, the filing of which under the statute goes only to the giving of notice and in no sense to the validity of the contract between the parties.

Logically, the question of what constitutes a signature should be far more liberally construed where it is only a question of notice than in those cases where the court must determine whether or not there is an enforcible contract between the parties.

We seem to have illogically reversed the rule. For instance, in *Wright v. Seattle Grocery Co.*, 105 Wash. 383, 177 Pac. 818, where the purported signature was nothing but the printed name of the seller upon a bill head, it was held:

"  . . . that a contract may be signed within the meaning of the statute [statute of frauds], no matter in what part thereof the name of the party to be charged may appear."

and the printed name on the bill head was there held to be a signature under the statute of frauds.

In *Kennery v. Northwestern Junk Co.*, 108 Wash. 656, 185 Pac. 636, where there was every reason for applying the liberal rule, the contrary rule was applied, although in that case it was not a question of whether there was a valid contract between the parties, but only a question of giving notice.

To my mind this court should have applied the rule of *Wright v. Seattle Grocery Co.* in the *Northwestern Junk Co.* case and should have applied the rule of the *Northwestern Junk Co.* case in the *Wright* case. Since, however, the court has so decided, I am, for the present, bound by its decisions, but holding those decisions to be illogical and unsound, I am concurring specially here, in order to give notice that I hold myself free in the future to join with the majority of the court in reversing the two lines of decision referred to.