[No. 21761.  Department Two.  August 9, 1929.]

C. MANSFIELD, *as Receiver for Oregon-Washington Door Company, Respondent,* v. YATES-AMERICAN MACHINE COMPANY, *Appellant.*[1]

*Geo. Arthur Brown* and *McDannell Brown,* for appellant.

*McMaster, Hall & Schaefer,* for respondent.

[1]Reported in 279 Pac. 595.

FRENCH, J.—The appellant is a manufacturer and distributer of certain types of machines used in lumber mills. A number of its machines were sold and delivered to the Oregon-Washington Door Company, a lumber manufacturing concern doing business in Clark county. These were sold under conditional sales contracts. The Oregon-Washington Door Company becoming financially embarrassed, a receiver was appointed. Appellant, on the 24th day of October, 1927, after the receiver had been appointed and was in possession of the property, attempted to remove the machinery thus sold from the custody of the receiver. These machines were of different sizes, of heavy construction, and it was necessary to dismantle them to some extent in order to remove them, and the actual work of dismantling and removing them, while started on the 24th of October, was not fully completed until the 25th.

A number of the machines were removed from Clark county, in the state of Washington, to the warehouse of the appellant at Portland, Oregon, while two of the machines were caught in transit under the following circumstances: The receiver, deeming the conditional sales contracts void and of no effect, brought an action in the superior court of Clark county, alleging in his petition that the machines were the property of, and in the custody of, the receiver, and secured an order restraining the Yates-American Machine Company and an auto truck company from removing the property from the jurisdiction of the court and the possession of the receiver. Prior to the time when this order was served, all of the machines had been removed from the custody of the receiver.

A number of them had been removed to appellant's warehouse in Portland, Oregon, and two of them were caught in transit and, by the truck company, stored in

a warehouse. In that action, there was litigated the question of the validity of the conditional sales contract, and this conditional sales contract was held void and the title to the machinery was held to be in the receiver; which judgment was affirmed in *State ex rel. Yates-American Machine Co. v. Superior Court,* 147 Wash. 294, 266 Pac. 134, where will be found a more comprehensive statement of the issues there involved.

Thereafter the receiver brought his action for conversion, alleging, that, on the 24th day of October, 1927, the plaintiff, as receiver, was the owner and in possession of the following described personal property, to wit: (Then describes the property.) In the next paragraph of his complaint, the receiver alleges that

" . . . on said day and the day following, defendant wrongfully took possession of the property in Clark county and appropriated to its own use all of the said machinery above described."

There were certain other allegations in the complaint touching on the question of the value of the property taken and going more into detail as to the facts of the alleged taking. A demurrer was filed to the complaint, which the record shows to have been submitted without argument, and overruled, and there was thereafter an answer filed by appellant making certain denials and alleging again affirmatively the conditional sales contract; alleging the re-taking of the machinery and the acquiescence and consent thereto by the receiver, and alleging that the receiver still had possession of the two machines caught in transit; alleging the indebtedness due to appellant and asking that the same be set off. To this answer a reply was filed, alleging generally the receivership and the existence of creditors of the corporation arising after the delivery of the personal property; pleading the

former case heretofore referred to as a bar to that portion of the answer alleging title in appellant by reason of the conditional sales contract. From a judgment awarding the receiver the value of the machines, this appeal follows.

The first question raised is the sufficiency of the plaintiff's complaint; the argument being that the complaint is fatally defective because it fails to allege ownership or right of possession to the property at the time of the alleged conversion; it being argued that, since certain of the machines were taken on the 24th of October and the balance of them not taken until the 25th of October, an allegation of ownership and right of possession on the 24th day of October is insufficient. The evidence in this case, however, clearly shows that, because of the nature of the machines, the wrongful taking must have extended over some perceptible period of time; that the dismantling of the machines commenced on the 24th day of October and certain of the machines were removed on that day. It was a continuous transaction, as shown by the evidence. We think, therefore, that the allegation of ownership, having been made on the 24th of October, and the allegation of taking and proof thereof that the taking actually began on the 24th of October, is sufficient, even though some of the machinery may not have been actually loaded on the truck until the 25th.

The next error assigned by appellant, and the one to which most of the argument is directed, goes largely to the question of the rights of the appellant under the conditional sales contract. Appellant is virtually asking this court to reconsider its ruling in *State ex rel. Yates-American Machinery Co. v. Superior Court, supra.* This we cannot do. All of appellant's contentions on this phase of the case were decided adversely in the case cited.

■ Appellant also claims that there is a departure in the pleadings and variance in the evidence, as to the ownership of the property of respondent. But we think that the allegation of ownership is absolute, and that the evidence shows the ownership and right of possession exactly as alleged in the complaint, and we can find nothing in the reply inconsistent with this allegation.

■ Some complaint is made that the court, after the close of the testimony and after both sides had rested and the arguments started, permitted the case to be re-opened for further testimony. But these are matters within the discretion of the trial court, and we can find no abuse of discretion; there being only a general objection thereto and no claim of surprise or application for continuance.

■ Appellant also objects to the inclusion in the judgment of the value of the two machines which were caught in transit. The testimony clearly shows that, when these two machines were found, they had been removed from the custody of the receiver, and that they had not been returned. We think the law is so well settled as to require no citation of authority that, where property has been wrongfully taken from one who is the owner thereof, he may, if he chooses, waive the right to claim the return of the property and sue for conversion. There is nothing in the testimony in this case to indicate that the receiver ever obtained possession of these two machines, and the receiver having elected to sue for conversion, the ownership of the machines in question is now undoubtedly in appellant.

■ Appellant also claims the right to offset against the judgment obtained in this action the balance due it from the corporation on account of the purchase price of the machines. It must be remembered,

however, that the receiver in this case represents the creditors, and the claim of the receiver in this action is a claim arising subsequent to his appointment and because of goods converted from him, clearly distinguishing the situation from that in *North Side State Bank v. United States Fidelity & Guaranty Co.*, 127 Wash. 342, 220 Pac. 822, the case relied upon by appellant. To permit the appellant to offset in this action would be to grant to the appellant all the rights which he might have obtained had his conditional sales contract been held good and valid. Cases, seemingly squarely in point on this phase of the situation, which hold that the set-off will not be allowed, have been examined, among them being: *McQueen v. New*, 86 Hun 271, 33 N. Y. Supp. 395; *Singerly v. Fox*, 75 Pa. St. 112; *Rochester Tumbler Works v. Mitchell Woodbury Co.*, 215 Mass. 194, 102 N. E. 428; *Washburn Water Works Co. v. City of Washburn*, 218 N. W. (Wis.) 825.

We find no error in the record. The judgment is therefore affirmed.

MILLARD, BEALS, MAIN, and PARKER, JJ., concur.