[No. 22753.   Department One.   May 12, 1931.]

OLIVE YOTTER, *Respondent*, v. ROSS LYNCH, *Appellant*.[1]

*LaBerge, Cheney & Hutcheson,* for appellant.
*Rigg, Brown & Halverson,* for respondent.

HOLCOMB, J.—Respondent brought this action in conversion against appellant, to recover damages for the conversion of a certain one ton Reo truck.   Appellant, by answer, interposed a general denial, and by way of cross-complaint asked that his title to the truck be quieted as against any claims of respondent, pursuant to the provisions of chapter 100, Laws of 1929, p. 198, for quieting title to personal property.

The court, sitting without a jury, found in favor of respondent, that the value of the truck at the time of its alleged conversion was $450, allowed interest thereon from the day of conversion, and entered judgment for the total sum of $457.65.

[1]Reported in 298 Pac. 709.

What we consider a sufficient summary of the controlling facts are these:

On February 23, 1929, Earl E. Redlinger, J. T. Hale, and Fred C. Abbott executed articles of incorporation, with the principal place of business of the corporation at Toppenish, Yakima county, Washington, stated by them to have been executed in triplicate, filed a copy thereof in the office of the secretary of state, and on February 25, 1929, received from that office authority to commence business as a corporation, as Redlinger & Hale City Markets, Inc.

Whether or not the stock had been fully subscribed, or whether the articles were, in fact, executed in triplicate and a valid copy filed in the office of the county auditor of Yakima county, or whether there were any other defects in the legal formalities required for the organization of private corporations, is of no moment, and certainly could be of no avail to appellant; but to the contrary. The existence of the corporation cannot be inquired into in this collateral manner. *Kwapil v. Bell Tower Co.*, 55 Wash. 583, 104 Pac. 824.

On March 4, 1929, J. T. Hale went to the place of business of appellant, who was engaged in the automobile business in Yakima, and purchased from him this one ton Reo truck upon a conditional sales contract. In order to prepare the contract, the representative of appellant inquired the name of the purchaser, and was told by Hale that it was City Markets, Inc. The contract was prepared accordingly and was signed "Ross Lynch Motor Company, by Ross Lynch," "City Market, Inc., by J. T. Hale, Vice Pres. & Treas." Both names, Ross Lynch Motor Company and City Market, Inc., are typewritten. This conditional sales contract was assigned by appellant on the same day to Yakima Finance Company, and within ten days, on

March 13, 1929, was filed in the office of the county auditor of Yakima county.

On December 9, 1929, Redlinger & Hale, City Markets, Inc., was adjudged insolvent in the superior court for Yakima county, and one Keefe was appointed receiver thereof. On December 14, 1929, Keefe, as receiver, sold the truck to respondent, pursuant to a petition for leave so to do and order of the superior court which was granted, which sale was thereafter approved. The bill of sale made by Keefe, as receiver, to respondent recites a consideration of one dollar "and satisfaction in full of any and all claims of whatsoever nature or amount which the vendee Olive Yotter has or may have against Redlinger & Hale City Markets, Inc., or against the vendor, as receiver," etc., and sells and delivers, as receiver, a long list of chattels, including "1 Reo truck, 1 ton, serial No. 4263, Motor No. 16-F-10872."

It is to be noted that the receiver's bill of sale referred to claims of the vendee therein against Redlinger & Hale City Markets, Inc., or against the vendor, as receiver, and satisfaction in full by the vendee.

At the trial, the receiver testified that respondent had about $9,500.00 of indebtedness against Redlinger & Hale City Markets, Inc.; that Redlinger & Hale claimed an equity in the Reo truck because it was purchased on conditional sale contract, which was shown to the receiver, Redlinger & Hale claiming that the truck was very nearly paid for, and turned it over to him as an asset. He was also shown a quadruplicate copy of the conditional sales contract executed by appellant to City Markets, Inc., and he made no claim on that contract, but sold respondent the assets, including whatever interest Redlinger & Hale, or the corporation, had under the conditional sales contract, just as they were; that respondent and her repre-

sentative knew all the facts. He further said that he conveyed all of his rights in the property, as receiver, to respondent.

Disregarding all other contentions made by appellant as wholly unavailing, we are convinced that, under the facts shown in this case, the receiver did not sell, or intend to sell, absolute title to the truck to respondent, but sold only the conditional purchaser's equity, subject to the conditional sales contract and, also, to the balance of the purchase price owing to appellant thereunder. Respondent insists that the conditional sales contract was and is void, and the sale was absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers, and subsequent creditors, under Rem. Comp. Stat., § 3790, and under our decisions in the following cases: *Jennings v. Schwartz,* 82 Wash. 209, 144 Pac. 39; Id., 86 Wash. 202, 149 Pac. 947, on rehearing; *Kennery v. Northwestern Junk Co.,* 108 Wash. 656, 185 Pac. 636; *Rychen v. Tacoma Farmers Creamery,* 127 Wash. 359, 220 Pac. 780; *Seymour v. Landon,* 128 Wash. 682, 224 Pac. 3; and *State ex rel. Yates-Am. Mach. Co. v. Superior Court,* 147 Wash. 294, 266 Pac. 134.

In the above cited cases, we held that, where there was no signature that would bind the party to be charged, the conditional sale was void, and became absolute as against those enumerated in the statute. Respondent also cites and quotes at length *North Coast Dry Kiln Co. v. Montecoma Investment Co.,* 82 Wash. 247, 144 Pac. 58. That was a case where appellant did not have absolute title, or title so far perfected as to be unassailable by creditors of the insolvent. It had failed to file its conditional sales contract in the proper office, and because of such failure, the sale was absolute as to purchasers, etc. The property was sold by the receiver at *public sale,* and the

purchaser at the public sale took such title as the receiver was empowered to give, which we held was title absolute. There is nothing to the contrary in the *Rychen* and *Seymour* cases, *supra*.

The law established in those cases does not apply to this case. This contract was signed by the alleged purchaser. It was filed as required by statute. In this case, respondent knew that Redlinger & Hale, or whatever the corporate name was, was in possession of the truck purchased from appellant on conditional sales contract. The receiver knew of that contract, and made no effort to repudiate, or to perform it. On the contrary, he sold the truck with other property to respondent, who knew of the conditional sales contract and that there were installments yet unpaid on it. She and her representative knew the facts.

This case, therefore, is governed by *Allis-Chalmers Mfg. Co. v. Ellensburg,* 108 Wash. 533, 185 Pac. 811. There, we held that constructive notice by recording a conditional sales contract is not essential to protect the vendor's title where the city had actual notice prior to installation that the machinery for a power plant was sold to a contractor under a conditional sales contract, reserving title in the vendor, and that the purchase price was not paid. We there observed that actual notice was effectual in protecting the title to machinery and equipment in appellant, regardless of record notice; citing *State v. Brummett,* 98 Wash. 182, 167 Pac. 120, and 35 Cyc. 351.

There can be no doubt that the purchaser in this case had obtained possession of the truck, acted upon the conditional sales contract, and treated it as valid and effective. The contract was binding as between the vendor and the purchaser. That being the case, and the receiver having knowledge of all the facts, he would not have been allowed to repudiate the contract.

Respondent, purchasing from the receiver with full knowledge of all the facts, should not be allowed to recover.

The judgment is therefore reversed, and the case remanded with instructions to enter judgment in favor of appellant.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN., JJ., concur.