[No. 35262. Department One. March 24, 1960.]

MALCOLM K. HANSEN, *as Trustee in Bankruptcy, Respondent*, v. RICHLAND LABOR TEMPLE ASSOCIATION, *Appellant.*[1]

[1]Reported in 350 P. (2d) 462.

*Critchlow & Williams*, for appellant.

*Ralph A. Rodgers*, for respondent.

MALLERY, J.—The Bischoffs rented the basement of the defendant's building, in 1953, and operated a restaurant therein. On September 30, 1953, they purchased the restaurant equipment here in question from the Dohrmann Hotel Supply Company on a conditional sales contract for the sum of $25,379.23. They moved out of the premises on March 1, 1957, and filed a petition in bankruptcy on or about March 6, 1957. The full purchase price of the equipment not having been paid, the Dohrmann Hotel Supply Company petitioned the referee in bankruptcy for an order restoring to it the equipment covered by the conditional sales contract. In December, 1957, the referee entered an order (defendant's exhibit No. 8) containing the recital:

"That Malcolm K. Hansen, Trustee in Bankruptcy in the above-entitled proceeding, be and he is hereby directed to forthwith disclaim and to relinquish and surrender all claim and interest in and to the property covered by the aforesaid conditional sales contracts, copies of which are attached to the petition of the Dohrmann Hotel Supply Company herein."

Thereafter, on March 11, 1958, the Dohrmann Hotel Supply Company conveyed by an ordinary bill of sale (defend-

ant's exhibit No. 9) the equipment in question to the defendant.

The trustee in bankruptcy brought this action for conversion on behalf of the bankrupts' creditors to recover the value of the equipment. The background for the action was that on September 11, 1956, at a time when the bankrupts were in arrears in their rent, they entered into a contract with the defendant landlord under which they put in escrow, on December 13, 1956, a bill of sale to the equipment. The escrow holder was to deliver the bill of sale to the defendant if the bankrupts defaulted in their future rental payments, which they did within four months of the escrow agreement. After the bankrupts vacated the building, the defendant promptly demanded and received from the escrow holder the bill of sale.

The trustee contended below that the bill of sale was used as security for the payment of rent since the equipment was left in the possession of the debtor and, hence, it constituted only a chattel mortgage. As a chattel mortgage, it was void as to creditors because it was not accompanied by an affidavit of good faith or recorded within ten days. Upon the theory that the defendant's title and possession of the equipment was attributable to this chattel mortgage, the trustee sought to void it and recover the full market value of the equipment, as in the case of a conversion of property.

The trial court entered judgment accordingly, and the defendant appeals.

■ The judgment must be reversed. We can agree that the bankrupts' bill of sale, which was put in escrow, was subject to being voided, at the instance of the trustee for the benefit of creditors, in order to preserve any interest the bankrupts might have had in the equipment, and, accordingly, we treat the purported transfer of title by the bankrupts' bill of sale as a nullity.

This, however, does not determine the present ownership of the equipment for two reasons: (1) The bankrupts have no present interest in the equipment under the conditional sales contract with the Dohrmann Hotel Supply Company because the payments provided for in it were not made

and the conditional sales vendor was released from their claim under it by the referee's order.

(2) The interest of the appellant in the equipment is not derived from the bankrupts' bill of sale to it, but directly from the Dohrmann Hotel Supply Company, which was free from any claim on behalf of the bankrupts at the time it sold the equipment to them.

The interest the bankrupts had in the equipment at the time they gave their bill of sale to the appellant was that of a conditional sales vendee only. Title passes to a conditional vendee only upon full payment of the purchase price. *Hafer v. Spaeth,* 22 Wn. (2d) 378, 156 P. (2d) 408. Until title actually does pass, any interest which a conditional sales vendee assigns to another is subject to the paramount right of a conditional sales vendor. Once rightful repossession of a conditional sales vendor occurs, a conditional sales vendee and his assigns lose all interest in the goods. *Yotter v. Lynch,* 162 Wash. 532, 298 Pac. 709.

It is true that, in the referee's order releasing the Dohrmann Hotel Supply Company, the trustee reserved any rights he may have had against the appellant in the pending action based upon the bankrupts' bill of sale; but, his right, of course, had to be in the equipment itself, since the appellant did not owe the bankrupts anything and, indeed, was a creditor on account of the unpaid rent.

The appellant received all its rights in the equipment from the Dohrmann Hotel Supply Company. The bankrupts lost their previous interest in the equipment by reason of their default under the conditional sales contract and their release of the vendor. This left the trustee no interest in the equipment which could be exercised for the benefit of the creditors. Indeed, the order of the referee, which released the Dohrmann Hotel Supply Company from any obligation was, in effect, an election not to keep the contract in good standing.

The bankrupts could not have conveyed and the trustee cannot now recover something that they never owned. The bankrupts' conditional sales contract gave them the right,

while it was in good standing, to possession and use of the equipment, and the right to acquire the title thereto upon payment of the balance of the purchase price. They never had the power to do more than to put the appellant in their shoes.

The respondent cannot rescind a sale it could not and did not make, nor recover the value of property it never owned.

The judgment is reversed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

May 6, 1960. Petition for rehearing denied.