[Filed March 31, 1891.]

## PORTLAND NATIONAL BANK *v.* C. N. SCOTT.

PROMISSORY NOTE—CONTEMPORANEOUS PAROL AGREEMENT.—In an action upon a promissory note where no illegality or fraud is charged, it is not competent to allege or prove a contemporaneous parol agreement for the purpose of changing, varying or in any manner altering the legal effect of such promissory note.

SECTION 5200, UNITED STATES REVISED STATUTES—CONSTRUCTION BY FEDERAL COURTS.—The construction of a statute of the United States by the supreme court of the United States is binding upon the state courts.

IDEM—VIOLATION OF BY BANK—ITS EFFECT.—A loan made by a national bank to an association or person of a greater amount or proportion than is permitted by this section, does not render the security taken for such loan void.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals. Affirmed.

This action is founded upon three several promissory notes made by the defendant to the plaintiff. The complaint is in the usual form. The answer in effect admits the execution and delivery of the notes, but denies there is anything due thereon. The answer for a further and separate defense then alleges: That at the time of the execution of said notes, and each of them, it was understood and agreed between the plaintiff and the defendant and the Portland & Willamette Valley Railway Company, a corporation, in consideration of the execution and delivery of said notes by the defendant, that the said plaintiff would and should look to the said Portland & Willamette Valley Railway Company for the payment thereof, the latter-named corporation having received the entire consideration upon which said notes were made, and would not and should not charge or seek to charge or hold this defendant liable in any manner on either of said promissory notes. The answer contains a further defense as follows: "That the said notes were signed by the defendant upon the procurement and at the instigation of one William Reid, then and now president of the plaintiff corporation, and then president of a railway corporation known as the Portland & Willamette Valley Railway Company; that said railway company at the time

20 421
a26 261
26* 276
38* 189
20 421
f36 451
20 421
37 512
20 421
42 239
42 555

of the execution of said notes owed large sums of money to said bank and divers persons, and that under the laws and the national bank act mentioned in the complaint, and the rules of the treasury department of the United States, plaintiff was not permitted and could not loan further sums of money to said railway company upon notes signed directly by the said railway company or otherwise; and for the purpose of contravening and violating said laws and rules and deceiving the government of the United States, and its national bank examiners, and the stockholders of said bank, the said William Reid, as such president, conspiring and colluding with intent to so contravene and violate the law and said rules, and deceive the said government of the United States, and said bank examiners, and stockholders, falsely and fraudulently procured this defendant to execute said notes, the consideration therein named being paid to the said Portland & Willamette Valley Railway Company with the understanding and agreement, in consideration of the execution of said notes by the defendant, that defendant was not to be liable thereon for any sum or amount whatever. To these separate defenses the plaintiff demurred, which demurrer was sustained by the court and final judgment rendered in favor of the plaintiff, from which this appeal is taken.

*W. T. Muir*, for Appellant.

A collateral agreement made contemporaneously with the execution of a promissory note may be pleaded in defense to an action on the note between the parties. (*Davis* v. *Brown,* 94 U. S. 423; *Walbridge* v. *Kibbee*, 20 Vt. 543; *Gibbon* v. *Scott,* 2 Stark. 286; *Elmore* v. *Hoffman*, 6 Wis. 67; *Pecker* v. *Sawyer,* 24 Vt. 459; *Susquehanna B.* and *B. Co.* v. *Evans,* 4 Wash. 480; *Dibble* v. *Duncan*, 2 McLean, 553; 2 Estee's Pleading, § 3493; *Goodwin* v. *Nickerson*, 51 Cal. 166; *Munro* v. *King,* 3 Col. 238; *Bissinger* v. *Geuteman,* 6 Heisk. 277; 1 Greenl. on Ev. § 302; *Cobb* v. *O'Neal*, 2 Sneed, 437; *Mitchell* v. *Planter's Bank*, 8 Hun, 215; *Leman* v. *Smart*, 11 Hun, 307; *Work* v. *Kase*, 34 Pa. St. 138; *Vary* v. *Norton*, 6 Fed. Rep. 308; *Taylor*

v. *Schofield*, 2 Cranch C. C. 315; *Rey* v. *Simpson*, 22 How. 341.)

The parties stand *in pari delicto*. (Broom's Legal Max. 720.)

If the plaintiff pleads so as to avoid the facts, the defend-ant may set them up in his answer. (*Simpson* v. *Bloss*, 7 Taunt. 246; *Lewis* v. *Cosgrove*, 2 Taunt. 2.)

We rely upon the general principle so sharply stated by POLLOCK, C. B.: "Fraud cuts down everything." (1 Dan. Neg. Inst. § 194.)

The notes sued on are void on the ground of public policy. (*Campbell* v. *Skinner*, 30 Mich. 32; *Hamilton* v. *Sculls' Admr.* 25 Mo. 165, 69 Am. Dec. 460; *Ager* v. *Duncan*, 50 Cal. 325; *Randall* v. *Howard*, 2 Black, 585.)

Defense of *in pari delicto* available at law. (2 Pom. Eq. Jur. 457, note 2, 460, note 1.)

The president of the bank is personally responsible under the national banking act. (*Witters* v. *Sowles*, 31 Fed. Rep. 1.)

*C. J. McDougall*, for Respondent.

A contemporaneous verbal agreement cannot be set up to defeat the notes. (*Mills Co. Nat. Bank* v. *Perry*, 72 Iowa, 15, 2 Am. St. Rep. 228; *Bank of U. S.* v. *Dunn*, 6 Peters, 51; *McDonald* v. *Elfes*, 61 Ind. 279.)

Section 5200, Revised Statutes U. S., has been construed by the supreme court of the United States. (*Union G. M. Co.* v. *Rocky M. Nat. Bank*, 96 U. S. 640; *O'Hare* v. *Bank*, 77 Pa. St. 96; *Pangborn* v. *Westlake*, 36 Iowa, 546; *Vining* v. *Bricker*, 14 Ohio St. 331.)

The unlawfulness does not render the contract void. (*Oates* v. *Bank*, 100 U. S. 239.)

The objection is available to the United States only. (*Fortier* v. *Bank*, 112 U. S. 439; *National Bank* v. *Matthews*, 98 U. S. 621; *Bank* v. *Whitney*, 103 U. S. 99.)

STRAHAN, C. J.— This record presents but two questions, both arising upon the plaintiff's demurrer to the new matter contained in the defendant's answer.

The first separate defense pleaded presents the question whether or not, where there is no allegation of illegality or fraud, a contemporaneous parol agreement may be pleaded

as a defense to an action on these notes, which shows that by the terms of such agreement the notes were never to be paid by the maker — in other words, whether or not in such case it is competent to vary and contradict the writing by a separate parol agreement made at the time the notes sued on were signed. The law is too well settled in such case to admit of any doubt, at least in this court. (*Hoxie* v. *Hodges,* 1 Or. 252; *Lee* v. *Summers,* 2 Or. 260; *Smith* v. *Caro,* 9 Or. 278; *Looney* v. *Rankin,* 15 Or. 617; *Beezley* v. *Crossen,* 16 Or. 72; *Stoddard* v. *Nelson,* 17 Or. 417.) Under these authorities, it was not error in the trial court to sustain a demurrer to the defendant's first separate defense.

The second separate defense presents the question whether or not the contract made with William Reid, president of the plaintiff corporation, is sufficient to defeat the plaintiff's action. This depends on the construction to be given to section 5200, Revised Statutes of the United States, which is as follows: "The total liabilities to any association, of any person or of any company, corporation or firm, for money borrowed, including in the liabilities of a company or firm the liabilities of the several members thereof, shall at no time exceed one-tenth part of the amount of the capital stock of such association actually paid in. But the discount of the bills of exchange drawn in good faith against actually existing values, and the discount of business or commercial paper actually owned by the person negotiating the same, shall not be considered as money borrowed." This statute has been construed by the federal courts, and their construction is binding on us for the same reasons that our construction of the constitution and statutes of this state is binding upon the federal courts. In deciding the question presented, then, we have only to ascertain what construction this statute has received in the federal courts.

In *Wyman* v. *Citizen's Nat. Bank of Faribault,* 29 Fed. Rep. 734, it was held that when a bank organized under this statute violates this provision by lending to one person an amount in excess of the limit, such person cannot set up

the violation of the statute as a defense to his liability on the note. If a penalty is to be enforced against the bank, it can be done only at the instance of the government. A contract entered into by the bank in violation of this section is not void. And in *Gold Mining Co.* v. *National Bank,* 96 U. S. 640, in passing upon the identical question now before us, the court said: "We do not think that public policy requires or that congress intended that an excess of loans beyond the proportion specified should enable the borrower to avoid the payment of the money actually received by him. This would be to injure the interests of creditors, stockholders and all who have an interest in the safety and prosperity of the bank. We are of the opinion that this objection is not well taken." The same construction prevails in the state courts. (*O'Hare* v. *Second National Bank,* 77 Penn. St. 96; *Mills Co. Nat. Bank* v. *Perry,* 72 Iowa, 15, 2 Am. St. Rep. 228.) And in cases strongly akin to these in principle the same doctrine has been applied. (*Pangborn* v. *Westlake,* 36 Iowa, 546; *Vining* v. *Bricker,* 14 Ohio St. 331.)

We are therefore of the opinion that the court did not err in sustaining the demurrer to the second separate defense pleaded in the defendant's answer.

Finding no error in the judgment appealed from, the same must be affirmed.