[Decided June 28, 1894.]

## LA GRANDE NATIONAL BANK *v.* BLUM.

[ S. C. 37 Pac. Rep. 48.]

PROMISSORY NOTE— PAROL EVIDENCE TO VARY A WRITING.— The maker of a note as against the payee, may show by extrinsic evidence that the note was made and delivered as security for the performance of a contract by him, and that he has performed his contract; such evidence does not change or add to the terms of the writing, but shows simply a failure of consideration.

APPEAL from Union: MORTON D. CLIFFORD, Judge.

This is an action by the La Grande National Bank against N. Blum and Ben W. Grandy on a promissory note for one thousand three hundred and forty-six dollars and sixty-six cents, executed and delivered to the plaintiff by defendants on February twelfth, eighteen hundred and ninety-two, payable three months after date. The complaint is in the usual form. The answer admits the execution and delivery of the note, but, as a defense, avers, in substance, that at the time of such execution and delivery plaintiff was the owner and in possession of two certain promissory notes for six hundred dollars each on one O. N. Ramsay, which it delivered to defendant Blum for collection, under an agreement that he would pay over the proceeds to plaintiff if collected, or, if unable to collect the notes, or any part thereof, he would return them; that the note in question was given to secure the performance of such agreement on Blum's part, and that he had performed the same. The reply denies the allegations of the answer, and a trial was had upon the issues thus made. The bill of exceptions discloses that after plaintiff had given evidence tending to support the allegations of its complaint, "the defendants introduced evidence tending to support the allegations in their further and separate

26 OR.— 7.

answer," and rested, whereupon the plaintiff moved the court "to strike out all the evidence offered by defendants in support of the separate answer and defense, and to instruct the jury to bring in a verdict as prayed for in the complaint, on the ground that all the evidence offered is immaterial and incompetent, and the facts pleaded in the answer constitute no defense in this action." This motion was allowed, the evidence given by the defendants withdrawn, and the jury instructed not to consider it, and, the trial resulting in a verdict and judgment in favor of the plaintiff, the defendants appeal, assigning as error the ruling of the court in sustaining the motion above referred to.

REVERSED.

*Messrs. Baker & Baker,* and *Starr & Thomas,* for Appellant.

The delivery of a written contract not under seal may be shown to have been conditional by parol evidence: *Simpson* v. *Carson,* 2 Or. 361; *Zimmerman* v. *Adee,* 126 Ind. 15, 25 N. E. Rep. 828. An instrument not under seal may be delivered upon conditions, the observance of which, as between the parties, is essential to its validity: *Bookstaver* v. *Jayne,* 60 N. Y. 146; *Develin* v. *Coleman,* 50 N. Y. 531; *Benton* v. *Martin,* 52 N. Y. 570; *Lovejoy* v. *Chapman,* 23 Or. 571; *Howard* v. *Stratton,* 64 Cal. 487; *Dicken* v. *Morgan,* 54 Iowa, 684, 7 N. W. 145. That parol evidence is admissible to show want or failure of consideration is a well established principle of law, and we refer to the following authorities which support appellants' view of the matter: Benjamin's Chalmers, Bills and Notes, 14 and 64; 17 Am. and Eng. Ency. 438; *Mock* v. *Kelly,* 3 Ala. 387; *Andross* v. *Childers,* 14 Or. 447; Abbotts' Trial Evidence, 441; *Maury* v. *Coleman,* 60 Am. Dec. 478; *Snyder* v. *Riley,* 6 Pa. St. 164, 47 Am. Dec. 452.

*Messrs. C. H. Finn,* and *Chas. H. Carey,* for Respondent.

The promissory note sued upon is an absolute contract in writing, and cannot be varied in its terms by parol testimony, nor can it be contradicted in its direct promise to pay by any contemporaneous parol agreement: Hill's Code, § 692; *Hindman* v. *Edgar,* 24 Or. 581; *Davis* v. *Randall,* 115 Mass. 547, 15 Am. Rep. 146; *Bank* v. *Dunn,* 6 Pet. 52; *Bank* v. *Jones,* 8 Pet. 13; *Farnham* v. *Nigham,* 5 Vt. 114; *Holtzworth* v. *Koch,* 26 Ohio St. 33; *Warren Academy* v. *Starrett,* 15 Me. 443.   "It is a firmly settled principle of law that parol evidence of oral agreements alleged to have been made at the time of the drawing, making or endorsing a bill or note cannot be permitted to vary, qualify, add to, or subtract from the absolute terms of the written contract": Parsons on Notes and Bills, 501; *McClintic* v. *Cory,* 22 Ind. 170; *Burnes* v. *Scott,* 117 U. S. 582; *Davis* v. *England,* 141 Mass. 587; *Forsyth* v. *Kimball,* 91 U. S. 291; *Clark* v. *Hart,* 49 Ala. 86.

Opinion by MR. JUSTICE BEAN.

The contention for the plaintiff is that the allegations of the answer, and the evidence tending to support it, violated the well-settled rule of law that a written contract cannot be contradicted or varied by parol evidence. This rule is not questioned, but the answer and evidence excluded did not contradict the terms of the promissory note sued on; they merely tended to show that it was delivered to take effect as an unconditional binding obligation upon the defendants only in the event of Blum's failure to comply with his agreement to account for the Ramsay notes, or their proceeds.   In other words, according to the answer and the evidence excluded, the promissory note sued on was not intended, except in case of Blum's default, to become a binding obligation on the part of the

defendants to pay plaintiff the sum of money named therein. Evidence of such an agreement, and Blum's compliance therewith, would show a want of consideration for the note, and would in no sense be in contradiction of its terms. The terms of the note are that defendants will pay plaintiff the sum of money named, at a time fixed, with interest; while the answer alleges a distinct and independent agreement, constituting the consideration for the promise, which in no sense changes or adds to the terms of the writing, and was not intended to do so. It is a common business transaction for one contract to be the consideration for another, and it has never been supposed that proof of the contract which is the consideration adds to or varies the terms of the other: Daniel on Negotiable Instruments, § 81a; *Burke* v. *Dulaney*, 14 Sup. Ct. 816; *Howard* v. *Stratton*, 64 Cal. 487, 2 Pac. 263; *Dicken* v. *Morgan*, 54 Iowa, 684, 6 N. W. 145; *Hazzard* v. *Duke*, 64 Ind. 220. If the note was given to secure the performance of Blum's contract to collect and pay over to the plaintiff the proceeds of the Ramsay notes, or to return them if not collected, and Blum has performed his agreement, such performance would manifestly operate as a failure of consideration, and payment of the note ought not to be enforced. And, as was said by Mr. Justice Cooley in *Maltz* v. *Fletcher*, 52 Mich. 486, 18 N. W. 228, ''No rule or policy of the law is violated by allowing proof to be made of the purpose for which negotiable paper was given, or that the purpose does not require that payment should be enforced.'' There is nothing in the record to show that the contract referred to in the answer was made with the cashier of the plaintiff, and hence the question argued in the brief, as to his authority to make such a contract, is not presented by this record or considered. It follows that the judgment of the court below must be reversed and a new trial ordered.    Reversed.