Argued 18 January; decided 19 February; rehearing denied 23 April, 1900.

## EDGAR v. GOLDEN.

[48 Pac. 1118, 60 Pac. 2.]

1. APPEAL—RELIEVING SURETY—POWER OF SUPREME COURT.—The supreme court will not grant a motion of a surety on an appeal bond to require the appellant to file a new undertaking and relieve him from further liability of because of false and fraudulent representations inducing him to sign the undertaking, where the surety fails to make out his case by the preponderance of the evidence, even if such a proceeding can be sustained.

2. PAROL AGREEMENT VARYING MORTGAGE.—Evidence of a parol agreement, made at the time of the execution and delivery of a note and mortgage, to the effect that the note should not be paid when it should become due, but that its payment should be contingent on another event, is not admissible: Wilson v. Wilson, 26 Or. 257, applied.

3. OUTSTANDING TITLE AS DEFENSE TO MORTGAGE FORECLOSURE.—It is not competent for a vendee of land to set up an outstanding title as a defense to a suit against him to foreclose a mortgage for the purchase money.

From Marion : HENRY H. HEWITT, Judge.

Mortgage foreclosure by David W. Edgar against T. L. Golden wherein plaintiff had a decree. After an appeal had been perfected, the surety on defendant's undertaking prayed to be relieved from further liability. The motion was overruled, and on final hearing, the decision of the lower court was approved.        AFFIRMED.

Decided 19 April, 1897.

ON MOTION OF SURETY TO BE RELIEVED.

[48 Pac. 1118.]

Mr. W. T. Slater, for the motion.

Mr. J. A. Carson, contra.

PER CURIAM. 1.   In this case the defendant perfected an appeal from a decree of the circuit court rendered against him in a suit for foreclosure, and W. H. Downing became his surety upon the undertaking for the appeal. Downing now asks leave to intervene in his own behalf, and moves the court to require the appellant to file a new

undertaking and thereby relieve him from further liability. He grounds the application upon certain alleged false and fraudulent representations of the appellant whereby he was induced to sign the undertaking. The alleged facts are set forth by affidavit, and the appellant has taken issue with him upon every material point by counter affidavits, to which the surety replied by other affidavits, so that there is presented here an issue of fact touching the alleged fraud. It is urged by the appellant that the proceeding is unknown to the law, and not well taken, but however this may be, and without passing upon that question, we do not think the surety has made such a case by the preponderance of the evidence as to entitle him to the relief sought. The motion will therefore be overruled.                MOTION OVERRULED.

Decided 19 February, 1900.

ON THE MERITS.

[60 Pac. 2.]

This is a suit by David W. Edgar to foreclose a mortgage executed by T. L. Golden June 19, 1893, upon the south half of the donation land claim of Moses Edgar and wife, situate in township 9 south, range 2 west of the Willamette Meridian, in Marion County, Oregon, to secure the payment of two promissory notes for $1,000 each, payable two years after date, with interest at eight per cent. per annum, given by Golden to the plaintiff, February 25, 1893, for the purchase price of said premises purchased by him on that date from Edgar. The defenses interposed to the foreclosure of the mortgage are : (1) That it was given to secure the purchase price of the land covered thereby ; that the plaintiff conveyed the land by a warranty deed, and that the title thereto has been brought in question, an action having been commenced since the

filing of the complaint herein by Elma Simmons against the defendant to recover possession of an undivided one-ninth thereof, and hence it is claimed that he ought not to be called upon to pay the notes until the title is quieted. (2) That the mortgage was given in consideration of the compromise of a suit by Edgar against Golden to set aside the deed, upon the ground that Edgar at the time of its execution was mentally incompetent to make such a conveyance, whereby it was agreed that said suit should be dismissed, and that the moneys secured by said mortgage should not be or become due, nor the mortgage be foreclosed, until it had been established, in an appropriate suit or proceeding, that plaintiff had a good and unimpeachable title to the premises. It is further alleged that the defendant, after executing the mortgage, permitted plaintiff's attorney to take it upon the agreement that, if it was satisfactory to plaintiff, he would then execute an instrument in writing, setting forth the agreement touching the time when said notes should fall due, and said mortgage be subject to foreclosure, but that plaintiff wrongfully obtained possession of it, had it recorded, and thereafter failed and neglected to deliver said writing, and that defendant did not deliver said mortgage, nor intend to deliver the same, until plaintiff had executed and delivered said written agreement. No demurrer was interposed to this answer, but the case proceeded to trial upon the filing of a reply. The findings and decree were for the plaintiff on all points, from which defendant appealed.　　　　　　　　　　　　　　AFFIRMED.

For appellant there was a brief over the name of *Carson & Fleming*, with an oral argument by *Mr. John A. Carson.*

For respondent there was a brief over the names of *Tilmon Ford* and *Wm. M. Kaiser*, with an oral argument by *Mr. Ford.*

MR. CHIEF JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

2.   There is scarcely a dispute as to the delivery of the mortgage.   It was written by one of the attorneys appearing for the defendant in the compromised suit, signed and acknowledged by the defendant, witnessed by such attorney, together with the plaintiff's attorney therein, and delivered to the latter, who delivered the same to Edgar.   The delivery was not made conditional or dependent upon the execution of any agreement respecting the time such notes should fall due or the mortgage be foreclosed, but was absolute, and without reserve or restriction.   There is much dispute, however, as to whether the plaintiff did not verbally agree to such conditions; 'but, whatever the agreement might have been, it was made and entered into, as related by all the witnesses, prior to, or contemporaneously with, the execution and delivery of the mortgage.   And it is well settled that it is not competent to vary the terms of a writing by a separate parol agreement, made at the time or anterior thereto. The presumption is that the writing contains all the terms of the agreement entered into at the time, and none other can be added or considered to change or modify it in any particular.   It was held in *Stoddard* v. *Nelson*, 17 Or. 417 (21 Pac. 456), that "extrinsic evidence is not admissible to either contradict, add to, subtract from, or vary the terms of a written agreement.   All antecedent or contemporaneous negotiations or agreements are merged in the writing."   The rule was applied in *Portland Nat. Bank* v. *Scott*, 20 Or. 421 (26 Pac. 276), where it was sought to show that it was understood and agreed, at the time of the execution of certain promissory notes, that the payee should look to a corporation, not to the maker, for the payment of the same, the corporation having received

the entire consideration for their execution, but it was held to be incompetent to thus contradict or vary the terms and conditions embraced therein.   So, in *Wilson* v. *Wilson*, 26 Or. 251 (38 Pac. 185), where it was sought to show by oral testimony that the note in question was intended merely as a memorandum, and was not to be paid until the amount thereof could be realized out of a certain mine, it was determined that such testimony was incompetent to show or establish another or different time of payment than that fixed in the note itself.   This rule is applicable to the case at bar.   The mortgage must be presumed to contain all the terms of the contract entered into at the time of its execution, and we must look to it and the notes copied therein to determine the time of the payment, and thus ascertain when the mortgage is subject to foreclosure.   The parol agreement, if any, made and entered into prior to or at the time of the execution of such mortgage, cannot be relied upon or used to contradict or vary the terms of such notes and mortgage for the purpose of ascertaining the date of their payment or the time within which such mortgage is subject to foreclosure.   So we hold that the evidence offered was incompetent for the purposes for which it was intended; that the notes were due, and the mortgage enforceable, at the time of the commencement of the suit; and that such parol agreement cannot be used as a hindrance to the prosecution of the suit for the foreclosure of the mortgage.

3.   As it pertains to the question of an outstanding paramount title, adverse to the title of the defendant, the rule seems to be that, in a suit to enforce a lien for the purchase money, the vendee, or the party in possession of the lands under him, cannot controvert the title of the vendor in suit; and hence it has been held that the vendee, and those claiming under him, must rely on the cove-

nants of the title in the deed of the vendor, and it is not competent to set up the outstanding title in the foreclosure suit as a defense thereto : *Peters* v. *Bowman*, 98 U. S. 56, 25 L. Ed. 91. See, also, *Hanna* v. *Shields*, 34 Ind. 84 ; *Platt* v. *Gilchrist*, 3 Sandf. 118. It follows from these considerations that the decree of the court below must be affirmed, and it is so ordered. Affirmed.