Argued December 23, 1926, affirmed February 1, 1927.

# CITIZENS' BANK *v.* THEODOR KNUDSON.

(252 Pac. 969.)

**Bills and Notes—In Action on Renewal Note, Evidence Held Insufficient to Show Original Accommodation Note to be Paid First Out of Proceeds Received by Holder from Contract of Accommodated Party.**

1. In action on note given in renewal of accommodation note, evidence *held* insufficient to show that original accommodation note was to be paid first out of any money collected by holder on contract of accommodated party.

**Bills and Notes—Person Signing Note Without Receiving Value, and for Purpose of Lending Credit to Another, Held Primarily Liable (Or. L., § 7821).**

2. When defendant signed note as maker, without receiving value therefor, for purpose of lending his credit to another, he became primarily liable thereon, in view of Section 7821, Or. L.

**Bills and Notes—Accommodation Maker Held Liable to Holder Purchasing Note Without Notice of Defects and for Value Though Knowing Maker to be Accommodation Party (Or. L., § 7821).**

3. Where defendant became accommodation maker of note, on indorsement of such note to bank paying value therefor, and having no notice of defects therein, maker became liable to bank in view of Section 7821, Or. L., notwithstanding fact that, at time of taking note, bank knew that he was only accommodation party.

**Bills and Notes—Accommodation Maker is not Relieved from Payment by Holder's Extending Time Without Notice, Only Relief Being Discharge as Prescribed (Or. L., § 7911).**

4. Accommodation maker is not relieved from payment of his note by act of holder, such as extension of time without notice;

---

2.  See 3 R. C. L. 1137.
3.  See 3 R. C. L. 1137.
4.  See 3 R. C. L. 1276.

discharge, as prescribed in Section 7911, Or. L., being only means of relief from liability.

**Bills and Notes — Accommodation Maker of Original Note, also Maker of Renewal Note Sued on, Held Liable, not Having Been Relieved by Discharge as Prescribed (Or. L., § 7911).**

5. In action on note given in renewal of original note, signed by defendant as accommodation maker, no valid defense to note *held* presented; defendant maker not having been relieved by discharge in any of ways prescribed by Section 7911, Or. L.

Bills and Notes, 8 **C. J.**, p. 260, n. 51, p. 261, n. 53, p. 276, n. 10, 11, p. 465, n. 21, p. 612, n. 10, p. 1046, n. 96 New.

From Douglas: G. F. SKIPWORTH, Judge.

Department 2.

This cause was instituted originally as an action at law by the plaintiff against the defendant to recover the sum of $3,000 with interest and attorney's fees on a promissory note dated on the twenty-sixth day of February, 1923, due ninety days after date.

Defendant filed an answer denying generally the allegations of the complaint except as stated therein and then set up further and separate facts requiring the interposition of a court of equity and alleged, in effect, that on November 4, 1922, at the request of one A. C. Hansen, and also the officers of the Drain State Bank of Drain, Oregon, he signed a note for the sum of $3,000 payable in ninety days to the order of the Drain State Bank. That he executed the note without consideration and as an accommodation to said Hansen and the bank and also alleged that at the time Hansen and the officers of the said bank represented to him that Hansen had certain moneys owing to him by Douglas County, Oregon, more than sufficient to take care of said note but not yet due and collectible, and that Hansen had assigned and transferred to Drain State Bank all the moneys owing to him by Douglas County; and that it was understood and

agreed that all of the moneys received from Douglas County on Hansen's account would be applied first in payment and discharge of defendant's note of November 4, 1922, before making any credits on Hansen's other indebtedness to the bank. One of the assignments was dated May 29, 1922, and was accepted by the county judge, who agreed to send the monthly estimates when due direct to the Drain State Bank at Drain, Oregon. The other assignment was dated October 26, 1922, to cover the balance of all moneys due Hansen from Douglas County.

The defendant further alleged that the bank failed and neglected to present the assignment and transfer of October 26, 1922, to Douglas County in time to collect the money; that the moneys were attached and garnished; that the Drain State Bank collected a net amount of $1,155 and indorsed a credit of $1,000 on one of Hansen's other notes, instead of on the note of defendant.

As a matter of precaution and security to himself defendant took a bill of sale of all of Hansen's rock-crushers, tools and machinery and contractor's equipment, together with an assignment to defendant of Hansen's interest in the profits of a certain contract between the North West Construction Company and Douglas County, Oregon, and later, at the request of plaintiff herein, Citizens' Bank, and prior to the execution of the note sued on in this action, Hansen made, executed and delivered a more formal bill of sale to this defendant and at the special instance and request of plaintiff, Citizens' Bank, a trust agreement was executed by Hansen to this defendant showing that the bills of sale and the assignment of Hansen's interest in the contract of the North West Construction Company with Douglas County were made in

trust for the purpose of, first, protecting this defendant on said note of November 4, 1922, and any renewals or replacements thereof, and, second, to protect the plaintiff Citizens' Bank on account of Hansen's other indebtedness.. That the bills of sale and trust agreement were duly recorded. The answer also alleges that the Citizens' Bank of Drain, Oregon, took defendant's note of November 4, 1922, with full knowledge of all the facts and circumstances in relation thereto and that the Citizens' Bank, plaintiff, accepted said renewal note of February 26, 1923, of this defendant with full knowledge of all the facts and circumstances; that the bank has refused to apply a large part of the money collected from Douglas County on the note of defendant and defendant asks for an accounting of the moneys in the hands of plaintiff; that his note be credited with certain amounts.

This cause was tried as an equity suit and all of the issues disposed of, and a decree entered in favor of plaintiff for a judgment as prayed for, but allowing defendant credit for the sum of $472 being moneys collected by plaintiff from Douglas County on an assigned claim of A. C. Hansen. The defendant appeals from the decree.      AFFIRMED.

For appellant there was a brief over the names of *Mr. Henry L. Lyons* and *Mr. Charles A. Hardy*, with an oral argument by *Mr. Thomas E. Davis*.

For respondent there was a brief over the name of *Messrs. Rice & Orcutt*, with an oral argument by *Mr. Dexter Rice*.

BEAN, J.—The defendant contends that plaintiff is not entitled to recover against him on the renewal

note of February 26, 1923, for the reason that plaintiff is not a holder of said note in due course; that there was no consideration for the plaintiff signing said note; that plaintiff was fully advised before taking the renewal note that plaintiff claimed to have a good defense to the original note.

The court made findings substantially as indicated in the statement above and further that at the time said note was delivered to the bank neither its officers, agents or employees had made any representations to the defendant whatever in connection therewith, and no information was given to any of the officers or agents of said bank as to the representations, if any, made by said Hansen to the defendant when said note was procured.

It appears from the evidence that Hansen took the original note of November 4, 1922, to the defendant Knudson and requested him to sign the note as an accommodation to him; that the officers of the bank did not see Knudson in regard to the matter. The court also found that when the original note was purchased and transferred to the plaintiff bank, the note was not then due and none of the officers, agents or employees of the purchasing bank was informed or knew that the note of the defendant was an accommodation note; that the plaintiff bank paid value for the note; that neither the plaintiff nor its predecessor, the Drain State Bank, ever made any misrepresentations to the defendant at the time he signed either of said notes; that neither the plaintiff bank nor its predecessor, the Drain State Bank, has been guilty of any negligence in the collection of moneys due Hansen from Douglas County.

The plaintiff is a purchaser for value of the original note given by defendant to Drain State Bank and is

120 Or.—32

the owner and holder of the note sued on in the action given in renewal of said original note in consideration of an extension of time of payment.

1. The allegation of the defendant's answer that the note of November 4, 1922, signed by the defendant was to be paid first out of any money that might be collected by the bank from Douglas County is not borne out by the testimony in the case. A. C. Hansen, the party for whose accommodation the defendant signed the note, no doubt made very roseate representations to defendant, and quite likely all of the parties interested then expected that Hansen would have sufficient funds coming from Douglas County to pay his indebtedness. The cashier of the Drain State Bank, Otto E. Bock, testified as a witness for defendant to the effect that at the time the original note was given it was understood by the officers of the bank that the defendant Knudson was interested in the work with Hansen through the North West Construction Company. They considered Knudson's note the same as Hansen's; that it was supposed Hansen was getting funds from Knudson's company, the North West Construction Company, that any amount collected by virtue of the assignments of Hansen from Douglas County should be credited on the note of Hansen that was due. The cashier of the Drain State Bank appears to have understood the matter as thoroughly as any of the officers of that bank. The note of November 4, 1922, appears of record indorsed by the Drain State Bank by its officers.

Section 7844, Or. L., reads thus:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) that it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and

without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 7821, Or. L., reads as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Section 7911, Or. L., provides thus:

"A negotiable instrument is discharged (1) by payment in due course by or on behalf of the principal debtor; (2) by payment in due course by the party accommodated, where the instrument is made or accepted for accommodation; (3) by the intentional cancellation thereof by the holder; (4) by any other act which will discharge a simple contract for the payment of money; (5) when the principal debtor becomes the holder of the instrument at or after maturity of his own right."

2, 3. When the defendant Theodor Knudson signed the note of November 4, 1922, as maker without receiving value therefor for the purpose of lending his name to A. C. Hansen, he became primarily liable thereon. When it was indorsed to the plaintiff who paid value therefor without notice of any defect therein, he became liable to the plaintiff bank notwithstanding the plaintiff bank at the time of taking the note knew that he was only an accommodation party: *Farmers' State Bank* v. *Forsstrom*, 89 Or. 97, 101

(173 Pac. 935); *Davis* v. *First Nat. Bank of Albany,* 86 Or. 474, 483 (161 Pac. 931, 168 Pac. 929); *White* v. *Savage,* 48 Or. 604, 607 (87 Pac. 1040); *Cellers* v. *Meachem,* 49 Or. 186, 188, 189 (89 Pac. 426, 13 Ann. Cas. 997, 10 L. R. A. (N. S.) 133).

4, 5. The law is well settled in this state by the Negotiable Instrument Act that an accommodation maker is not relieved from the payment of his note by an act of the holder, such as the extension of time without notice. He can only be relieved by the discharge of the instrument, and the instrument can only be discharged by one of the five acts enumerated in the statute quoted above. As shown by the evidence in the case, none of these acts are present in this case. The plaintiff was a holder in due course of the note of November 4, 1922, and of which the note sued upon was given as a renewal, and no valid defense to the note in suit is shown in this case. A citation of the authorities enunciating the rules governing promissory notes prior to the Negotiable Instrument Law is of no assistance in a case of this kind.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

BURNETT, C. J., and BROWN and BELT, JJ., concur.