Submitted on briefs April 2, reversed May 22, rehearing denied June 26, 1928.

## ROBENA TRITES, ADMINISTRATRIX, *v.* A. O. ABBOTT ET AL.

(267 Pac. 520.)

**Evidence — In Suit to Foreclose Mortgage Securing Note, Evidence Regarding Contemporaneous Oral Agreement That Defendants Would not be Compelled to Pay Unless Payee Became Ill Held Inadmissible.**

1. In suit to foreclose mortgage made to secure note, evidence regarding contemporaneous oral agreement, that defendants would never be compelled to pay note except in event payee became ill and needed money, and that no such contingency ever occurred, *held* inadmissible, since it tended to vary and contradict terms of written instrument.

**Gifts — Where Money was Given in Consideration of Execution of Note and Mortgage, It was not Gift.**

2. Where money was given by deceased to her daughter and husband in consideration of execution and delivery of promissory note and mortgage, it was not a gift.

**Gifts — To Constitute Valid "Gift," Property must have Been Delivered to Donee.**

3. In order to constitute valid "gift," either *inter vivos* or *causa mortis*, property must have been delivered to donee.

---

1. Parol evidence to add to or vary a writing, see notes in 56 Am. St. Rep. 659; 17 L. R. A. 270. See, also, 10 R. C. L. 1016. Parol evidence to show condition in bills and notes, see note in 128 Am. St. Rep. 611. Parol evidence that written instrument for payment of money was executed in reliance on parol promise that payment was subject to condition not incorporated therein, see note in 18 L. R. A. (N. S.) 434. See, also, 10 R. C. L. 1041. Admissibility of parol evidence to show that bill or note was delivered upon condition, see notes in 18 L. R. A. (N. S.) 288; L. R. A. 1917C, 306.

3. See 12 R. C. L. 932, 957.

**Evidence—Where Deceased Gave Defendants $500 in Consideration of Execution of Note and Mortgage, and Made Alleged Agreement That Defendants Need not Pay Unless Payee Became Ill, Consideration for Note was not Conditional.**

4. Where deceased gave daughter and husband $500 in consideration of execution of note and mortgage, and made alleged contemporaneous oral agreement that they would not be required to pay unless payee became ill, consideration for note was not conditional, but consisted of sum of $500.

Evidence, 22 C. J., p. 1151, n. 4, p. 1155, n. 32.
Gifts, 28 C. J., p. 630, n. 66, p. 689, n. 19.
Mortgages, 42 C. J., p. 180, n. 58.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

This suit was brought to foreclose a mortgage made to secure a promissory note for the principal sum of $500. The defendants resisted the suit on the ground that the money constituting the consideration for the note was a gift. From a decree of dismissal, plaintiff appeals.                REVERSED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Robin D. Day* and *Mr. Roy F. Shields.*

For respondents there was a brief over the name of *Mr. Frank E. Manning.*

BROWN, J.—The plaintiff, Robena Trites, is the administratrix of the estate of her mother, Maggie May Murphy, deceased. Defendant Mary G. Abbott is likewise a daughter of decedent and is the wife of her co-defendant, A. O. Abbott. On June 24, 1923, Maggie May Murphy delivered $500 of her money to the defendants, and as a part of the same transaction defendants executed and delivered to her their promissory note for $500 payable two years after date, with interest at 6 per cent per annum, payable semi-

annually. This note was secured by a mortgage on defendants' real property. The mortgage was recorded by the mortgagee, and as the interest became due it was promptly paid by defendants and received by the mortgagee.

The only issue to be tried here is an affirmative defense pleaded by the defendants, to the effect that, at the time the note and mortgage were executed and delivered to the payee therein named, the parties thereto made a contemporaneous agreement which, in substance, provided that defendants would never be compelled to pay the note, "except in the event" that the payee became ill and needed the money, and that no such contingency ever occurred. The answer also avers that, after the execution of the note and mortgage, the payee therein named "told said defendant Mary G. Abbott that she would never have to pay said $500 and that she desired the note destroyed."

The affirmative allegations of the answer were put in issue by the plaintiff's reply.

1. There was evidence admitted at the trial tending to substantiate the defendants' allegations relating to the contemporaneous oral agreement set out above. To all such testimony plaintiff objected on the ground that it was incompetent, in that it tended to vary and contradict the terms of the written instruments. This objection is supported by numerous decisions of our court.

In the early case of *Portland National Bank v. Scott,* 20 Or. 421 (26 Pac. 276), this court held that, in an action upon a promissory note, where no illegality or fraud is charged, it is not competent to allege or prove a contemporaneous parol agreement for the purpose of changing, varying or in any manner altering the legal effect of the note.

Again in *Wilson* v. *Wilson,* 26 Or. 251 (38 Pac. 185), it was held that, where a promissory note is given for a definite sum and made payable on a day certain, it cannot be shown by verbal testimony that such note was intended merely as a memorandum and was not to be paid until the amount thereof could be realized out of a certain business venture. In support of its holding, the court there cited the case of *Portland National Bank* v. *Scott, supra.*

To like effect are *Edgar* v. *Golden,* 36 Or. 448 (48 Pac. 1118, 60 Pac. 2); *Colvin* v. *Goff,* 82 Or. 314 (161 Pac. 568, L. R. A. 1917C, 300); *Farmers' State Bank* v. *Forsstrom,* 89 Or. 97 (173 Pac. 935); *Nickell* v. *Bradshaw,* 94 Or. 580 (183 Pac. 12, 11 A. L. R. 623); *McFarland* v. *Hueners,* 96 Or. 579 (190 Pac. 584).

2-4. The money in question in this case appears to have been given in consideration of the execution and delivery to Maggie May Murphy of a promissory note for $500, with a pledge of real property as security. Hence it was not a gift to the defendants. The note is written evidence of a promise to repay. Neither was there a gift of the promissory note or of the mortgage to defendants. In order to constitute a valid gift, either *inter vivos* or *causa mortis,* the property must have been delivered to the donee: *Liebe* v. *Battmann,* 33 Or. 241 (54 Pac. 179, 72 Am. St. Rep. 705); *Grignon* v. *Shope,* 100 Or. 611 (197 Pac. 317); *Allen* v. *Hendrick,* 104 Or. 202 (206 Pac. 733). There is evidence to the effect that decedent intended to release defendants from their obligation to pay the note. She so expressed herself upon her deathbed. She undertook to prepare a will, whereby the defendants would be released from the payment of the note; but so far as the record shows, she never executed the will, nor did she carry out her intention to release defend-

ants from their obligation to pay. A case singularly in point is *Cardoza* v. *Leveroni*, 233 Mass. 310 (123 N. E. 672). The consideration for the note was not conditional, but consisted of the sum of $500, in coin of the realm: *Colvin* v. *Goff, supra; Vincent* v. *Russell*, 101 Or. 672 (201 Pac. 433, 20 A. L. R. 417).

We regret that this case must be reversed and a decree entered foreclosing plaintiff's mortgage. It is so ordered.

Neither party will recover costs in this court or in the court below.

REVERSED AND DECREE ENTERED. REHEARING DENIED.