Argued October 5; reversed November 14, 1933

# UNITED STATES RUBBER CO., INC., *v.* KIMSEY ET AL.

(26 P. (2d) 565)

*Robin D. Day,* of Salem, for appellant.

*George A. Rhoten,* of Salem, for respondent V. D. Leek.

BEAN, J. The cause was tried to the court and a jury and a verdict was rendered in favor of the defendant Leek, whom we will hereafter term the defendant. Upon the trial counsel for plaintiff objected to testimony on the part of the defendant for the reason that the parol evidence rule applies to a promissory note and prohibits proof of oral agreements to the effect that the note is to be payable at a different time or the maker's liability is limited in any way not shown on the face of the note, and assigns that the court erred in permitting oral testimony to be introduced for the purpose of proving a contemporaneous oral agreement to the effect that the maker's liability is conditioned or limited in any way not shown on the face of the note. The same question is raised in regard to the instructions of the court.

Plaintiff contends that the answer does not set forth a defense to plaintiff's cause of action on the note. Plaintiff also assigns that the court erred in instructing the jury that it could find for the defendant Leek on the answer and testimony adduced, and erred in not giving plaintiff's instructions to the jury to the effect that the parol evidence rule applies to a promissory note and prevents proof of a contemporaneous oral agreement to the effect, among other things, that the maker's liability is conditional upon the happening of a certain contingency, and instructing the jury that they should find for the plaintiff for the amount of the balance of the note.

It appears that Geo. D. Kimsey, one of the defendants, did business for a time under the name of Kimsey Tire Shop and had an account with the plaintiff. Afterwards Leek joined as a partner in the business for a short time and they traded with the plaintiff and an

account was kept in the same name. Leek had two busses and conducted a bus business, and after a time the tire shop business was abandoned and Leek took one of the busses and Kimsey took the other, on which there was an indebtedness. At the time plaintiff settled with defendants it withdrew its stock of tires, etc., that the plaintiff had in the tire shop for sale. They figured the amount that was due from Kimsey alone, for which he gave a promissory note, and also the amount of $815 for which the note in question was given and signed by both of the parties. At the time of the adjustment by the agent of the rubber company at the tire shop and on the date of the execution of the note, Kimsey and Leek retired to the back room and agreed on the amounts they should pay, and Leek testified that at the time he and Kimsey went into partnership he had an agreement that he, Leek, owed approximately $815 on his busses, and the only reason the segregation was made and this note given was that Kimsey agreed to assume the same amount with Leek on his indebtedness as Leek agreed to assume with him on his indebtedness; that Kimsey had the right, if they had any trouble, by an agreement made in the beginning, "to take his tire shop back", and "I had the right to take my busses right back"; that the agreement was made known to Mr. Frink, the agent of the plaintiff, at the time the note was signed; that Mr. Frink said "that in case Mr. Kimsey failed to fulfill his obligations with me and pay his obligation on the $815 on the busses, or his one-half, his part, the United States Rubber Company would not hold me to pay my half of this note"; that Kimsey failed to pay any part of the indebtedness on the busses. According to Leek's testimony, his agreement with Kimsey was that Kimsey would pay one-half of

$815 on the busses and Leek would pay one-half of the note. Nevertheless, Leek signed the note for the full amount.

There is no fraud alleged or claimed in the execution of the note in question. The note was delivered unconditionally. The only question involved pertains to the parol evidence rule.

■ In an action on a promissory note where no illegality or fraud is charged, it is not competent to allege or prove a contemporaneous oral agreement for the purpose of changing, varying or in any manner altering the legal effect of the note. *Portland National Bank v. Scott,* 20 Or. 421 (26 P. 276); *Wilson v. Wilson,* 26 Or. 251 (38 P. 185); *Colvin v. Goff,* 82 Or. 314 (161 P. 568, L. R. A. 1917C, 300); *Farmers' State Bank v. Forsstrom,* 89 Or. 97 (173 P. 935); *Trites v. Abbott,* 125 Or. 362 (267 P. 520); *Bank of Freewater v. Hyett,* 137 Or. 193, 204 (1 P. (2d) 1113).

The rule is stated in 22 C. J. 1152, § 1542, thus:

"Where a bill or note or other negotiable instrument is absolute in its terms, neither the maker nor the indorser can be allowed to show that the obligation was a conditional one merely or was to be paid only in a certain contingency, and this is true notwithstanding the fact that the note was given pursuant to a verbal agreement for the payment of a sum of money on a certain contingency, for the condition must be held to have been waived by the giving of an unconditional note. But it may be shown, as between the parties or others having notice, that the delivery was conditional only and that the instrument never in fact came into force as a binding obligation."

■ One of two joint makers of a note cannot testify that he signed it because two names were necessary and on condition that he was not to pay the note, but

that the other maker was to have the money and pay the note. *Rowe v. Bowman,* 183 Mass. 488 (67 N. E. 636) ; Brannan, Negotiable Instruments Law, (4th Ed.) 261.

In *Colvin v. Goff,* supra, the late Justice McBRIDE, after citing and discussing several authorities, states as follows:

"It seems plain to us that, unless the happening of the alleged contingency or its failure to happen is so intimately related to the transaction as to amount to a failure of consideration, it cannot be branded as a defense." Citing Daniels on Negotiable Instruments, § 81a.

■ The defendant claims that there was a failure of consideration. What was the consideration for the note in suit? It is undisputed that the note in question was given for a debt incurred for the purchase of goods, wares and merchandise by defendant George D. Kimsey. The consideration for the note was passed before the note was given. There was no failure of Kimsey to receive the goods and there was no failure of the consideration for the note. The consideration for the note was sufficient. The delivery of goods to another is sufficient consideration for a note. *Rudolph Wurlitzer Co. v. Rossmann,* 196 Mo. App. 78 (190 S. W. 636) ; Brannan, Negotiable Instruments Law, (4th Ed.) 261.

■■ The agreement between Leek and Kimsey was a collateral one and was in direct conflict with the provisions of the note. Leek, in effect, was an accommodation party on the note. Section 57-206, Oregon Code 1930, provides that an accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor,

and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. An accommodation party is primarily liable for its payment. *Murphy v. Panter,* 62 Or. 522 (125 P. 292). The holder of a note for value is entitled to recovery thereon against an accommodation party, though the holder had notice at the time he took the note that the person sought to be charged was only an accommodation party. *White v. Savage,* 48 Or. 604 (87 P. 1040); *Davis v. First Nat. Bank,* 86 Or. 474 (161 P. 93, 168 P. 929); *Farmers' State Bank v. Forsstrom,* supra; *Citizens Bank v. Knudson,* 120 Or. 493 (252 P. 969).

In *Farmers' State Bank v. Forsstrom,* supra, at page 102, we said:

"As there was no fraud charged in the execution of the note, it is not competent for defendant to allege or prove a contemporaneous parol agreement to the effect that under certain conditions defendant would not be called upon to pay the note and thereby vary and alter the legal effect of the instrument."

It is urged by counsel for defendant that Leek is not an accommodation party for the reason that the plaintiff alleges that the note was given "for goods, wares and merchandise" and that the witness for plaintiff stated that the note was given for tires and tubes. It is unnecessarily alleged in the complaint that the note was given for goods, wares and merchandise. The note purports upon its face to have been given for value and is presumed to have been so given. The testimony shows that it was given for goods, wares and merchandise. This allegation in the complaint was

immaterial. It was not necessary to allege the evidence. We do not think that an immaterial allegation in the complaint would change the law or the application thereof upon the facts as disclosed by the testimony. We conclude that Leek was an accommodation party on the note. Counsel for defendant, to sustain his position, cites the note to *Beach v. Nevins*, 162 Fed. 129 (18 L. R. A. (N. S.) 288), which states, in part, as follows:

"The general rule that an instrument absolute on its face cannot be shown by parol to be conditional, though not without exceptions, is well settled. But it is generally held that, between the immediate parties and those taking with notice, it can be shown by parol that such an instrument was not to operate as a valid obligation until the happening of a certain event, since such evidence does not vary or alter the instrument, but tends merely to show that it never became a valid undertaking."

The authority does not support the contention of the defendant. There was no condition imposed in regard to the note in question that the note was not to operate as a valid obligation until the happening of a certain event.

As shown by the opinion of Mr. Justice McBRIDE in *Colvin v. Goff*, supra, p. 324, the case of *La Grande National Bank v. Blum*, 26 Or. 49 (37 P. 48), there discussed, cited by defendant, does not support his contention.

The plaintiff should not be permitted to contradict his solemn promise contained in the note to pay the amount thereof by testimony that he should be required to pay only in the event that Kimsey paid one-half of the bus indebtedness, and thereby vary and annul the terms of the promissory note.

The judgment of the circuit court is reversed and the cause will be remanded with directions to enter a judgment in favor of plaintiff and against defendant V. D. Leek for the balance of plaintiff's note, set forth in plaintiff's second cause of action, with interest, and reasonable attorney's fees.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.