Argued at Pendleton October 30; affirmed November 14, 1939

## SIMMONS *v.* JARVIS ET AL.

(95 P. (2d) 725)

In Banc.

*Teunis J. Wyers*, of Hood River (Ronald Rew, of Hood River, on the brief), for appellants.

*Ernest C. Smith*, of Hood River, for respondent.

BEAN, J. This is an action at law tried before the court without a jury. Judgment was entered for plaintiff. Defendants Frank Jarvis and Adelia Jarvis appeal.

The action is based upon a promissory note given by one Cameron in payment of a commission for the sale of real estate. The appellants executed the note for a valuable consideration. This appeal is presented upon the proposition that the appellants should be granted a judgment on the findings of fact entered in the lower court.

■ The findings of fact do not warrant a judgment in favor of said appellants. The substantive law of this case is governed by the law in the state of Washington, and the remedial law by the Oregon law. Appellants tried this case on that theory.

The trial court found as follows: "That on or about March 13, 1936, for a valuable consideration, the defendants Frank Jarvis and Adelia Jarvis affixed their signatures to the aforementioned note as comakers thereof."

The real estate referred to was sold by the Home Savings and Loan Association to said Cameron in 1935, and he in turn made a deal for the appellants to take over his interests. The papers relating to that part of the Cameron and Jarvis deal, which pertained to the Seattle property, were deposited under escrow instructions. There is no mention in the record of any agreement by appellants to buy anything, real or personal. Until they abandoned the whole deal, appellants had

only the privilege of receiving Cameron's rights under said contract in the event of their making certain payments, and whether they made such payments was entirely optional with them. The only obligation appellants assumed was this obligation to pay the real estate commission note. The appealing defendants wholly abandoned their rights to acquire Cameron's interest, and of their own volition "did voluntarily execute their quitclaim deed to the Home Savings and Loan Association for said apartment house property, reciting therein that the contract under which he might have acquired the said property was cancelled; * * *."

Appellants appeal on the ground that the plaintiff being the seller under an executory contract for the sale of personal property, possession of which was not delivered to the appellants, retained possession and title of the corpus of the contract and therefore may not maintain an action on an instrument evidencing the purchase price.

The trial court found that the transaction herein mentioned took place within the state of Washington, that under the Washington laws, which were pleaded, there was no conditional sales contract of personal property involved, and "there was no forfeiture declared or made of any such contract, and no vendor did reclaim the subject matter of any conditional sales contract of personal property; * * *."

■ A conditional sales contract of personal property in Washington must be signed by the conditional sales vendor: *Kennery v. Northwestern Junk Co.*, 108 Wash. 656, 185 P. 636, 190 P. 330; *States ex rel. Yates-American Machine Co. v. Superior Court*, 147 Wash. 294, 266 P. 134; *Jennings v. Schwartz*, 82 Wash. 209, 144 P. 39; Remington's Rev. Stat. of Wash. 1932, § 3790.

■ A purchaser's interest under an executory contract for the sale of real estate in Washington is real estate: *State ex rel. Oatey Orchard Co. v. Superior Court*, 154 Wash. 10, 280 P. 350.

4. When a note is a contract independent of the sales contract, or where the assignee of an executory contract to purchase real estate did not assume payment of the contract but executes the promissory note in payment of a real estate commission, the makers of the note cannot avoid the new and independent obligation undertaken by them: *McHugh v. Rosaia*, 184 Wash. 463, 51 P. (2d) 616; *Norman v. Meeker*, 91 Wash. 534, 158 P. 78, Ann. Cas. 1917 D, 462; *Vickerman v. Kapp*, 167 Wash. 464, 9 P. (2d) 793.

■ The findings of fact made by the court are as conclusive as a verdict of the jury: § 2-503, Oregon Code 1930.

■ This appeal is based entirely upon the findings of fact made by the court. The testimony is not before us. Appellants claim that there was a conditional sales contract involved. The court found it to be wholly untrue and the findings of the court in this respect are conclusive and final.

Defendants Jarvis agreed to pay this separate and independent note upon which this action was based. The note was regularly transferred to the plaintiff. No forfeiture appears to ever have been declared by Wilson, or by plaintiff, or by any of plaintiff's predecessors at any time, and the court made no finding to the contrary.

7. The appellants are not entitled to judgment in their favor, according to the findings of fact upon which they rely.

The judgment of the circuit court is affirmed.

KELLY and BAILEY, JJ., not sitting.