James R. YOST, Appellant,

v.

Alberta G. MORROW, Appellee.

No. 15998.

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1959.

Donart & Donart, Weiser, Idaho, for appellant.

Wm. R. Padgett, Allan G. Shepard, Boise, Idaho, for appellee.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Mrs. Alberta Morrow, appellee herein, is a co-maker of a promissory note signed by her and one C. A. Butcher on October 17, 1955, at Nyssa, Oregon. The note recited that "for value received" Mrs. Morrow and Butcher would pay to the order of James R. Yost, appellant herein, $7,300.00, with six per cent interest thereon, on or before April 15, 1956, at a named bank in Nyssa, Oregon.[1]

This note was secured by a chattel mortgage on certain cattle feed owned by Butcher. The feed was kept on a ranch owned by Mrs. Morrow, but operated and managed by Butcher. The mortgage was also signed by both Butcher and Mrs. Morrow and was recorded in the office of the County Recorder of Canyon County, Idaho.

Suit was brought on the note in the District Court for the District of Idaho, Southern Division. As Appellant is a resident of Oregon and C. A. Butcher and Mrs. Morrow are residents of Idaho, the District Court had jurisdiction by reason of the diversity of citizenship of the parties. Jurisdiction of this court rests on 28 U.S.C. § 1291.

As seen above, the note itself recited consideration. Furthermore, paragraph II of Yost's complaint alleged that the subject note was executed by Butcher and Mrs. Morrow for a valuable consideration. Appellee admitted this allegation in her answer by admitting the allegations contained in paragraphs I, II, III and IV of the complaint.

Trial was had and judgment entered for Appellant and against Butcher in the amount prayed for, plus interest and attorney fees.[2] At the close of Yost's case,

---

1. "$7,300.00
"October 17, 1955.
"On or before April 15, 1956, after date, for value received we promise to pay to the order of James R. Yost at the First National Bank of Portland at Nyssa, Oregon, Seven Thousand Three Hundred and 00/100 Dollars in lawful money of the United States of America, with interest thereon in like lawful money at the rate of 6 per cent, per annum, from date until paid. Interest to be paid at maturity and if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note. And in case suit or action is instituted to collect this note, or any portion thereof, we promise and agree to pay, in addition to the costs and disbursements provided by statute, such additional sum, in like lawful money, as the Court may adjudge reasonable, for attorneys fees to be allowed in said suit or action.
"C. A. Butcher,
"Alberta G. Morrow."

2. The District Court held that the only portion of the mortgaged feed then in existence was some spoiled ensilage, that the property was worthless, and that the foreclosure would be a useless act. Consequently, the Court awarded judgment

however, Mrs. Morrow had moved for a judgment of nonsuit and dismissal in her favor upon the ground that she had received no consideration for the execution of the promissory note. This motion was taken under advisement and was renewed by Appellee's counsel at the close of their case. The District Court at that time granted the motion and ordered the cause dismissed as against Mrs. Morrow.

This appeal is taken from that portion of the judgment dismissing the action against Mrs. Morrow.

■ The note here sued on was executed in Oregon, and payment thereunder was to be made in Oregon. Applicable conflicts of laws principles require that Oregon law control.[3]

At the trial it was shown that Mrs. Morrow was the mother-in-law of Butcher, and that the latter lived on and managed a ranch owned by Mrs. Morrow. The appellee testified that she signed the note, but that she did not receive any money from Yost. There was neither a showing nor an allegation that Mrs. Morrow's signature on the note was fraudulently procured.

It further appeared at the trial that Butcher received Yost's checks in the amount of the note, and that the checks were made out to, and endorsed by, Butcher without Mrs. Morrow's signature appearing thereon. Yost testified that he wanted Mrs. Morrow's signature on the note, because "There wasn't sufficient security; I felt there wasn't sufficient security."

■ Appellant contends that the District Court erred in granting this motion to dismiss; and that the fact that Mrs. Morrow did not receive consideration from Yost for her signature does not relieve her of liability on this promissory note.

We agree. It is settled law that under Section 24 of the Uniform Negotiable Instruments Act, adopted by Oregon in 1899, O.C.L.A. §§ 69–101 to 69–1102 (now, Oregon Revised Statutes §§ 71.001 to 71.195), consideration moving to one joint maker of an instrument is sufficient to bind the other joint maker or makers. In the instant case, it is clear that Mrs. Morrow signed as an accommodation maker for her son-in-law, C. A. Butcher. It is also settled law that an accommodation maker is bound if consideration passes to the principal maker, and that the accommodation maker has primary, not secondary, liability. Uniform Negotiable Instruments Act § 29, Oregon Revised Statutes § 71.029.[4] Farmers' State Bank of North Powder v. Forsstrom, 1918, 89 Or. 97, 173 P. 935; Citizens Bank of Drain v. Knudson, 1927, 120

in the amount of $6,258.00 plus interest as the amount owing and unpaid from Butcher.

3. The forum's conflict of laws rules must be applied. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477; Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394; Philp v. Macri, 9 Cir., 1958, 261 F.2d 945. No Idaho conflict of laws case discussing the applicable law of negotiable instruments has been cited to this Court, and we have found none. We assume that an Idaho Court would look to the decisions of its sister state, Oregon.

In Simmons v. Jarvis, 1939, 163 Or. 117, 95 P.2d 725, the Oregon Supreme Court held that the substantive law of an action in Oregon on a note executed in Washington would be governed by Washington law.

Note that whichever of the two applicable principles of conflicts of law Idaho would follow, whether Restatement of the Law of Conflicts of Law § 336 (place of execution governs) or Restatement § 370 (place of performance governs), recourse would be had to Oregon law, for the note was both executed in, and to be paid in, Oregon.

4. Oregon Revised Statutes § 71.029.
"Liability of accommodation party. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Or. 493, 252 P. 969; United States Rubber Co. v. Kimsey, 1933, 145 Or. 73, 26 P.2d 565.

In the instant case, one co-maker, Butcher, received full consideration from Appellant. Mrs. Morrow, who was an accommodation maker, is bound on this note by reason of this consideration. The fact that the Appellee did not personally receive any money from Yost does not relieve her of liability on this promissory note.

That portion of the judgment of the District Court appealed from is hereby reversed.